373 So.2d 939 (1979)
FLORIDA REAL ESTATE COMMISSION, Petitioner,
v.
Charles R. FROST and Marjorie V. Frost, Respondents.
No. 79-620.
District Court of Appeal of Florida, Fourth District.
July 11, 1979.
Rehearing Denied August 31, 1979.
*940 Howard Hadley and Frederick H. Wilsen, Orlando, for petitioner.
Richard J.R. Parkinson of Parkinson & Pyle, Orlando, for respondents.
DAUKSCH, Judge.
Petitioners seek our Writ of Certiorari to review the order of a Hearing Officer which dismissed an administrative complaint filed against the respondents. The complaint alleged fraudulent misconduct against the respondents and sought the suspension or revocation of respondents' real estate licenses. The Division of Administrative Hearings assigned its Hearing Officer to conduct the hearing to determine the facts and make a recommendation as to disposition.
When the matter came before the Hearing Officer the respondents' motion to dismiss the complaint was heard and granted. The motion alleged and the Hearing Officer found the Commission had not complied with Section 120.60(5), Florida Statutes (1977)[1] by first giving notice to the respondents and allowing them "to show that (they have) complied with all lawful requirements for the retention of the license."
The Order of the Hearing Officer which we are to review dismisses the complaint without prejudice to refile after compliance with the cited statute. The petitioner urges the Hearing Officer exceeded his jurisdiction in entering that Order and says the only function of the Hearing Officer is to hear the facts and recommend disposition. We disagree with the petitioner and agree with the holding in Nelson v. State Board of Accountancy, Division of Professions, Department of Professional and Occupational Regulation, 355 So.2d 216 (Fla. 1 DCA 1978) which says Hearing Officers have authority to make preliminary rulings on motions to dismiss cases properly before them.
CERTIORARI DENIED.
ANSTEAD and MOORE, JJ., concur.
NOTES
[1] Section 120.60(5), Florida Statutes (1977):

No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency has given reasonable notice by certified mail or actual service to the licensee of facts or conduct which warrant the intended action and the licensee has been given an opportunity to show that he has complied with all lawful requirements for the retention of the license.