385 So.2d 143 (1980)
Livingston B. SHEPPARD, D.D.S., Petitioner,
v.
BOARD OF DENTISTRY, Respondent.
No. SS-51.
District Court of Appeal of Florida, First District.
June 23, 1980.
Rehearing Denied July 18, 1980.
*144 Thomas V. Infantino, Winter Park, for petitioner.
Thomas J. Guilday, of Akerman, Senterfitt & Eidson, Tallahassee, for respondent.
BOOTH, Judge.
This cause is before us on petition for review of the order of the hearing officer denying motion to dismiss a license revocation proceeding due to failure of the Board of Dentistry to comply with Florida Statutes § 120.60(5),[1] which provides:
No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency has given reasonable notice by certified mail or actual service to the licensee of facts or conduct which warrant the intended action and the licensee has been given an opportunity to show that he has complied with all lawful requirements for the retention of the license.
Under the foregoing statute, the agency must give notice, as specified, to the licensee on the "facts or conduct which warrant the intended action" and the licensee given opportunity to reply.
*145 In the instant case, the facts as shown by the record here are that the administrative complaint was filed July 25, 1978, seeking to suspend or revoke petitioner's dental license. The filing of the complaint constitutes "the institution of agency proceedings" under the statute. It is conceded that no notice was given petitioner prior to the filing of the complaint.
In September of 1978, petitioner answered and filed his first motion to dismiss on several grounds, but not including failure to comply with § 120.60(5). The first motion to dismiss was denied, and hearing was scheduled but subsequently, on motion of both sides, continued. Pre-trial hearing was subsequently scheduled for September 17, 1979. On August 28, 1979, petitioner filed his second motion to dismiss, raising for the first time failure to comply with § 120.60(5). The hearing officer initially stated at the time of the oral argument that the motion to dismiss would be granted, but on reconsideration entered an order allowing respondent to comply with § 120.60(5), within 30 days. Thereafter, respondent Board made a belated attempt to comply with the statute by serving petitioner with actual notice and providing an opportunity to be heard at a pre-hearing conference.
The order sought to be reviewed correctly states the purpose of the statute, to-wit:
The foregoing statute provides a licensee an opportunity to learn of the reason for any intended action by the agency and to thereupon promptly clear his record, before a formal accusation is filed, by showing to the agency or its designee that he has in fact complied with all lawful requirements for the retention of his license. This statute does not contemplate a hearing before the agency, but an opportunity to show compliance at an informal conference with the agency or a representative of the agency, which may be its Executive Director or any other designee who may be designated at any time by the agency to conduct such conferences. The statute does not require that the agency meet formally to designate a person as its representative. A licensee must be given reasonable notice of the facts or conduct which warrant intended action and must also be given reasonable notice of a time, date and place to appear.
Actual appearance by licensee is not required so long as opportunity is afforded for such appearance.
The clear intent and purpose in requiring notice prior to filing a license revocation complaint is to allow a prompt repudiation by the licensee which could reveal, for example, mistakes in the identification of the licensee, misinformation or fictitious claims, rendering the complaint ill-founded. Although such matters would normally be revealed in the agency's investigation prior to filing the complaint, the pre-filing notification of the licensee is an additional safeguard provided by the Legislature. The harm resulting to the holder of a professional license due to the filing of an ill-founded complaint can be irreparable and far outweigh any inconvenience or time lost by meeting the pre-filing requirements of the statute. It is not intended that this informal reply be a substitute for hearing allowed under Chapter 120 on the merits of the charges. Notification and reply under § 120.60(5) supplements the agency's own investigation. Compliance is a prerequisite to the filing of the administrative complaint.
A complaint filed in a license revocation proceeding without compliance with the notice requirements of § 120.60(5) is subject to immediate dismissal on a motion of the licensee. Florida Real Estate Commission v. Frost, 373 So.2d 939 (Fla. 4th DCA 1979). However, in the instant case, the licensee failed to promptly assert failure to comply with § 120.60(5) and instead chose to move for dismissal on other grounds and to file an answer to the complaint. More than a year passed before the failure to comply with that statute was raised. The licensee has received, and answered, the administrative complaint and participated in discovery proceedings with respect thereto. He is informed as to the *146 nature of the proceedings and has had opportunity to reply. We note, however, that the belated notice and hearing procedure ordered below is not a substitute for compliance with § 120.60(5) and will not defeat the licensee's right to dismissal of the complaint if noncompliance is properly and promptly asserted. Here, there is no showing of prejudice to the licensee for failure to comply with § 120.60(5) and no prompt assertion of noncompliance as a basis for dismissal.
Accordingly, the order below is AFFIRMED and the cause REMANDED for further proceedings.
MILLS, C.J., and ROBERT P. SMITH, Jr., J., concur.
NOTES
[1] Florida Statutes (1978). Subsection now renumbered § 120.60(6).