BOOTH, Judge.
This cause is before us on petition for review of the order of the Florida Real *964 Estate Commission dated June 6, 1979 denying motion to dismiss the administrative complaint seeking to revoke or suspend the real estate registration of the petitioners herein. The motion to dismiss raised the failure of the agency to comply with Florida Statutes § 120.60(5),[1] which requires as a condition precedent to instituting agency action to revoke or suspend a license, that the licensee be given notice and allowed opportunity to respond showing compliance with the law. We have today rendered a decision in another, independent, case involving the same question.[2]
The facts here are that, on April 20,1979, the Florida Real Estate Commission (FREC) entered its order finding probable cause and permitting the filing of an administrative complaint. No notice was mailed or served on licensee of the agency’s intended action. Thereafter, on May 1, 1979, the complaint was filed, and copies of the complaint and election of rights form were mailed to petitioners. On May 21, 1979, petitioners filed their motion to dismiss based on noncompliance with § 120.-60(5). Hearing was had on motion to dismiss, and, on June 7, 1979, the FREC entered its order denying the motion. Thereafter, proceedings were commenced in this court resulting in issuance of rule to show cause and briefing by the parties, including as amicus curiae, the Department of Professional Regulations.
Florida Statutes § 120.60(5) provides:
No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency has given reasonable notice by certified mail or actual service to the licensee of facts or conduct which warrant the intended action and the licensee has been given an opportunity to show that he has complied with all lawful requirements for the retention of the license.
The FREC contends that the requirements of the above-quoted statute are satisfied if a licensee is notified by mail that “an administrative complaint had been filed against him” and that he has 21 days to respond, the procedure followed in this case. The Commission further points out its practice on receiving a complaint against a licensee is to conduct an investigation, to review the investigative report, and, by majority vote at a regularly scheduled meeting, to determine probable cause to initiate formal disciplinary proceedings by filing an administrative complaint. This process, says the Commission, provides numerous safeguards for licensees.
The Department of Professional Regulations, in its amicus brief, suggests that the true intent of § 120.60(5) is to guarantee the method of service of the complaint but not to create duplicative proceedings. The Department states that it is “unfortunate” that the Legislature used the phrase “prior to the institution of agency proceedings” as the time in the statute for giving notice, when it would have been better to say “prior to the entry of a final order.” The Department also points out that “normal” investigative procedures include contact with the licensee before the completion of the investigative report so that he can tell his side of the story to the investigator.
The question thus presented is whether an agency can avoid the giving of notice and opportunity to respond prior to filing the administrative complaint in a license revocation proceeding by satisfying those requirements after filing of the complaint. We hold that the agency may not thus avoid statutory requirements. The language is clear, and the intent and purpose of the requirement, as discussed more fully in Sheppard v. Board of Dentistry, 385 So.2d 143 (Fla. 1st DCA 1980), is that the pre-filing notification of licensee supplements the agency’s investigative procedures and is an additional safeguard against the filing of illfounded complaints. In the instant case, unlike Sheppard, supra, the failure to comply with § 120.60(5) was promptly raised, and the complaint should have *965 been dismissed. Florida Real Estate Commission v. Frost, 373 So.2d 939 (Fla. 4th DCA 1979).
Accordingly, the order sought to be reviewed is REVERSED.
MILLS, C. J. and ERVIN, J;, concur.

. As appearing in Florida Statutes (1978). Subsection now renumbered to 120.60(6).

. Sheppard v. Board of Dentistry, 385 So.2d 143 (Fla. 1st DCA 1980).