COWART, Judge.
ON PETITION FOR WRIT OF PROHIBITION
Barton B. Pilcher petitions this court for a writ of prohibition to prevent the Department of Professional Regulation from proceeding to revoke or suspend his real estate broker’s license.
The department instituted action against Pilcher on February 27, 1980. A hearing officer dismissed the action because the agency had not complied with section 120.-60(6), Florida Statutes (1979):
No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency has given reasonable notice by certified mail or actual service to the licensee of facts or conduct which warrant the intended action and the licensee has been given an opportunity to show that he has complied with all lawful requirements for the retention of the license. If the agency is unable to obtain service by certified mail or by actual service, constructive service may be made in the same manner as is provided in chapter 49.
In an attempt to comply with this section, the agency issued a proposed administrative complaint and scheduled a conference before a regional supervisor of the department. Pilcher was given notice of this conference and a copy of the proposed complaint. He now seeks to prohibit the agency’s proceeding in this matter, contending that the agency still has not complied with the statute.
Complaints concerning professionals licensed through the Department of Professional Regulation are submitted to the department, which investigates the facts of the complaint. When the investigation is complete, the department submits its investigative findings to the appropriate board, in this case the Board of Real Estate. § 455.225(2), Fla.Stat. (1979). The probable cause panel of the board then determines whether the facts establish probable cause to believe that a violation has occurred. Its recommendation is submitted to the department. If the board has found probable cause, the department may choose to file a formal complaint. If the board finds no probable cause, the department has a limited right to file, notwithstanding the board’s finding. § 455.225(3), Fla.Stat. (1979).
The question presented is at what stage of these proceedings the licensee is entitled under section 120.60(6), to demonstrate his innocence, and to whom.
*1292 First, the essential nature of the hearing requires that it be held before any probable cause determination is made. The first district in Sheppard v. Board of Dentistry, 385 So.2d 143 (Fla. 1st DCA), pet. denied, 392 So.2d 1379 (Fla.1980), explained that the purpose of the statute was to allow a licensee to promptly repudiate a revocation proceeding by pointing out to the agency matters which would render the complaint ill-founded, which, ideally, would have ultimately been disclosed by the agency’s investigative process.[1] It is clear from this that the statute should give the broker the ability to shortcut the probable cause determination process by conclusively demonstrating his innocence. The department admits that to fail to give the broker this opportunity until the investigation is complete and the probable cause determination has been made effectively renders the opportunity meaningless.[2] Sheppard, Chavers v. Florida Real Estate Commission, 384 So.2d 963 (Fla. 1st DCA 1980), and Florida Real Estate Commission v. Frost, 373 So.2d 939 (Fla. 4th DCA 1979), all merely held that, where the agency fails to give the broker his opportunity to be heard until after a formal complaint has been filed, or where no opportunity at all to explain is given the broker, the proceedings are subject to dismissal, without deciding at what time before filing of the complaint this opportunity should be given.
In the instant case, the petitioner was not given his statutory opportunity to show his innocence of the charges until the agency had committed itself to proceeding to revoke his license. Under these facts, the “safeguard” provided by the Legislature [3] has been effectively circumvented by the agency.
Second, section 120.60(6) contemplates that the hearing be held before the Board of Real Estate, rather than before a representative of the department. Before the enactment of the section, the predecessor of the present board, the Florida Real Estate Commission, had the responsibility for the entire processing of complaints concerning brokers, subject only to the general supervisory authority of the department. See § 455.013, Fla.Stat. (Supp.1974). Subsequently, when section 120.60(6) was enacted, there was no question that it created a right to a hearing before the Florida Real Estate Commission. See Florida Real Estate Commission v. Frost, 373 So.2d 939 (Fla. 4th DCA 1979). The only substantive change in the law since that time was the legislative transfer of the commission’s (board’s) investigative function to the department. See Ch. 79-36, § 5, Laws of Fla. This amendment was insufficient to divest the board of its jurisdiction over section 120.60(6) hearings.
In summary, a licensee against whom a complaint has been filed with the Department of Professional Regulation is entitled to an informal conference before the appropriate board, at which he will have the opportunity to demonstrate his compliance with the requirements for retention of his license. This conference is to be held after the department’s investigative findings are submitted to the board, but before the board embarks upon its determination of probable cause. Since the department has not complied with these requirements in the instant case, it is prohibited from proceeding against the petitioner, Barton B. Pilcher, until it has so complied.
PETITION GRANTED.
DAUKSCH, C. J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents with opinion.

. Accord, Chavers v. Florida Real Estate Commission, 384 So.2d 963 (Fla. 1st DCA 1980), holding that the procedure is a “safeguard against the filing of illfounded complaints.”

. The department’s argument is that the first time it is required to notify the licensee of proceedings to suspend or revoke his license is immediately before the formal complaint is filed. This would result in an anomaly, as § 455.225(8) requires the department to periodically notify the complainant of the status of the proceedings, through adjudication and appeal.

.Chavers, 384 So.2d at 964.