FRANK D. UPCHURCH, Jr., Judge,
dissenting with opinion:
Section 120.60(6) requires notice to the licensee of facts or conduct which warrant the intended action and an opportunity for the licensee to show compliance with the legal requirements for the retention of his license prior to the institution of agency proceedings. In citing Sheppard v. Board of Dentistry, 385 So.2d 143 (Fla. 1st DCA 1980), the majority disregarded the statement that notice and an opportunity to show compliance are to be given prior to the filing of the complaint. 385 So.2d at 145.
In the case before us, notice and copy of the proposed complaint were duly furnished to the licensee prior to filing.[1] The only question that remains is whether the hearing as contemplated by section 120.60(6) could be held before a hearing officer or before the probable cause panel.[2]
I agree that the Board of Real Estate is the probable cause panel. The board is charged with determining whether the “facts or conduct warrant the intended action ....” [3] Only after the board has found that the facts or conduct warrant the intended action is notice and an “opportunity to show” be afforded the licensee.[4] Certainly, if the board concluded that the facts or conduct did not warrant the intended action or that probable cause (whether or not the terminology is synonymous) did not exist, the licensee should not be troubled further.
I disagree with the majority that petitioner was not given his statutory opportunity to show his innocence until the agency had committed itself to proceeding to suspend or revoke his license. This conclusion is not supported by the record. It is clear the complaint had not been filed.[5] In fact, section 455.225, Florida Statutes (1979), indicates that the department is not required to file a complaint for it provides:
[T]he department may decide not to prosecute the complaint if ii finds that probable cause has been improvidently found by the panel.
The majority position that section 120.-60(6) contemplates that a hearing be held before the Board of Real Estate rather than before a representative of the department is not supported by case law or statutory authority. In fact, the majority’s position conflicts with Sheppard wherein the court rejected such a contention:
The foregoing statutes provide a licensee an opportunity to learn of the reason for any intended action by the agency and to thereupon promptly clear his record, before a formal accusation is filed, by showing the agency or its designee that he has in fact complied with all lawful requirements for the retention of his license. This statute does not contemplate a hear *1294 ing before the agency, but an opportunity to show compliance at an informal conference with the agency or a representative of the agency, which may be its Executive Director or any other designee who may be designated at any time by the agency to conduct such conferences. The statute does not require that the agency meet formally to designate a person as its representative. A licensee must be given reasonable notice of the facts or conduct which warrant intended action and must also be given reasonable notice of a time, date and place to appear. (Emphasis added.)
385 So.2d at 145.
As the majority recognizes, the investigative function has been vested in the Department. However, they conclude that the Board of Real Estate has jurisdiction over the section 120.60(6) conference. This is inconsistent with the Sheppard court’s conclusion that the informal conference is intended to supplement the agency investigation; i. e., is a step in the investigative process. 385 So.2d at 145.[6]
In sum, the conference scheduled here, after the probable cause determination and before issuance of the complaint, satisfies the requirement of section 120.60(6). Hence, I would DENY the writ.

. On September 5, 1980, the department issued a proposed administrative complaint against petitioner and scheduled a conference before a regional supervisor of the department to satisfy section 120.60(6). The required notice and a copy of the coiftplaint were furnished to peti- ' tioner prior to filing. Petitioner subsequently filed the instant action seeking to prevent the department, through its regional supervisor, from proceeding with this matter.

. I disagree with footnote two of the majority opinion regarding the requirement of periodic notification under section 455.225(8), Florida Statutes. This section refers to the person who filed the complaint, the complainant, not the licensee. Whether or not the complainant is kept advised is certainly not a matter of jurisdictional consequence.

. See § 120.60(6).

. Any difference here between “facts or conduct which warrant the intended action” and “probable cause” is nebulous, at best. The latter has been defined as “a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person charged is guilty of the offense charged. Goldstein v. Sabella, 88 So.2d 910 (Fla.1956). The courts, in determination of probable cause are not concerned with the question of guilt or innocence of the accused but whether the affiant has reasonable grounds for his belief. Dunnavant v. State, 46 So.2d 871 (Fla.1950).

. While a complaint had been previously filed, it was later dismissed by the hearing officer for failure to hold the section 120.60(6) conference. The right to refile was recognized in Florida Real Estate Comm. v. Frost, 373 So.2d 939 (Fla. 4th DCA 1979).

. In Sheppard, the court stated that “fn]otification and reply under § 120.60(5) [renumbered § 120.60(6)] supplements the agency’s own investigation.” 385 So.2d at 145.