ON MOTION FOR REHEARING AND CLARIFICATION
SHARP, Judge.
Petitioner, Susan Bruner, seeks a rehearing and/or clarification of our order denying her petition for a writ of prohibition in light of our recent holding in Pilcher v. Peeples, 402 So.2d 1290 (Fla. 5th DCA 1981). She sought a writ of prohibition from this court to prevent the Department of Professional Regulation from proceeding to revoke or suspend her real estate broker’s license. The Board of Real Estate found probable cause to commence formal action against the license of petitioner Bruner and the Department of Professional Regulation concurred in that finding.
We deny the motion for rehearing but we grant the motion for clarification because the facts in this case are virtually indistinguishable from Pilcher, where we issued a writ of prohibition. In Pilcher we construed section 120.60(6), Florida Statutes (1979), as entitling the licensee to an informal conference at which the licensee would be afforded the opportunity to demonstrate compliance with licensing requirements and we held that the informal conference must be held before the Board embarks on a determination of probable cause.
However, as respondent pointed out in this case, section 120.60(6) was changed effective July 1, 1981. Pursuant to that change, a licensee is entitled to a hearing sometime prior to the entry of a final agency order,[1] but the requirement for the informal conference was dropped. We deemed the statutory change procedural in nature and concluded it applied retroactively to this case.[2] While we agree that the right to a hearing before a final administrative order is rendered is clearly substantive, we believe the timing of when and before whom that hearing must occur is procedural. We therefore denied the writ for prohibition.
The recent change in section 120.60(6) was not considered by the court in Pilcher and therefore it is not in conflict with this case.
MOTION FOR REHEARING DENIED; MOTION FOR CLARIFICATION GRANTED.
DAUKSCH, C. J., and COBB, J., concur.

. Ch. 81-180, Laws of Fla.

. See Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239, 243 (Fla.1977); Johnson v. State, 371 So.2d 556 (Fla.2d DCA 1979); cf. Turner v. State, 410 F.2d 837 (5th Cir. 1969) (no vested right in a form of administrative procedure).