ADKINS, Justice.
We have for review a decision of the District Court of Appeal, Fifth District, Pilcher v. Peeples, 402 So.2d 1290 (Fla. 5th DCA 1981), which directly conflicts with a decision of another district court of appeal on the same question of law. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The question presented is, at what stage of proceedings to revoke or suspend a real *908 estate license, is the licensee entitled under section 120.60(6), Florida Statutes (1979), to demonstrate his innocence, and, to whom? The district court held that the licensee was entitled to an informal conference at which he would be afforded the opportunity to demonstrate compliance with licensing requirements. The court also held that this informal conference must be held before the board embarks on a determination of probable cause.
Section 120.60(6) was changed effective July 1, 1981. Chapter 81-180, Laws of Florida. Pursuant to that change, a licensee is entitled to a hearing sometime prior to the entry of a final agency order, but the requirement for the informal conference was dropped. We agree with the fifth district court’s ruling in Bruner v. Board of Real Estate, 409 So.2d 146 (Fla. 5th DCA 1982), that this statutory change was procedural in nature and applies retroactively in this case. The right to a hearing before a final administrative order is rendered is substantive in nature, but the timing of when and before whom that hearing must occur is procedural.
Respondent contends that the title to chapter 81-180 is defective — that it does not meet the standard imposed by article III, section 6, Florida Constitution (1968). The title reads as follows:
An act relating to the Administrative Procedure Act; adding s. 120.52(14)(f), Florida Statutes; excluding certain law enforcement policies and procedures from the definition of “rule”; amending s. 120.60(6), Florida Statutes, revising the notice requirements with respect to the revocation, suspension, annulment or withdrawal of any license subject to the act; providing an effective date.
(Emphasis supplied.)
The test to be applied is whether the title sufficed to give notice of the subject of the statute so as reasonably to lead interested persons to inquire into the body of the act. Webster v. North Orange Memorial Hospital Tax District, 187 So.2d 37 (Fla.1966). The title meets this test and is sufficient.
The decision of the district court of appeal is quashed and the cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON, MCDONALD and EHRLICH, JJ., concur.