# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2025-0040
LT Case No. 59-2017-DR-4000

———————————————

JONATHAN RODRIGUEZ,

Appellant,

v.

VALENTINA RODRIGUEZ,

Appellee.

———————————————

On appeal from the Circuit Court for Seminole County.
Christopher Sprysenski, Judge.

Flavio E. Alvarez of Alvarez Law, Kissimmee, for Appellant.

Nicholas A. Shannin and Carol B. Shannon of Shannin Law
Firm, P.A., Orlando, for Appellee.

May 1, 2026

KILBANE, J.

Jonathan Rodriguez ("Former Husband") appeals final orders in his marriage dissolution case with Valentina Rodriguez ("Former Wife"). This case went to trial before a general magistrate, whose recommended order was entered by the trial court. Former Husband timely moved to vacate the order pursuant to Florida Family Law Rule of Procedure 12.490, which was summarily denied for failure to submit all transcripts from the four-day trial. Because the trial court erred in summarily

denying Former Husband's motion to vacate based solely on the lack of a complete transcript, we reverse.

## Facts

The marital dissolution trial was held before a general magistrate on June 13–14, September 14, and November 13, 2023. In February 2024, after the trial court entered the magistrate's recommended order, Former Husband timely moved to vacate the order and set the motion for hearing. Based on scheduling conflicts and a judicial transfer, Former Husband was granted three extensions as to the hearing date. On the afternoon of the scheduled hearing, however, the court cancelled via email because "the transcript is missing the last day of trial on 6/28." Former Husband responded that no hearing was held on June 28, 2023, after which the parties disputed which transcripts were missing.

In December 2024, the trial court denied Former Husband's motion based on noncompliance with Florida Family Law Rule of Procedure 12.490(f) in failing to provide all transcripts of the proceedings before the magistrate or notice that he would only be submitting a partial record. Former Husband moved for reconsideration or rehearing asserting he submitted the transcripts from June and November 2023, not all the transcripts were relevant to his motion, and the cancellation of the hearing violated his due process rights. The court denied the motion, and Former Husband timely appeals.

## Analysis

The denial of a motion to vacate under rule 12.490 is reviewed for abuse of discretion. *See Oramas v. Asencio*, 425 So. 3d 1184, 1184 (Fla. 3d DCA 2026). But strictly legal questions— including whether the trial court interpreted a procedural rule correctly or satisfied due process—are reviewed de novo. *See Barco v. Sch. Bd. of Pinellas Cnty.*, 975 So. 2d 1116, 1121 (Fla. 2008) ("[A]ppellate courts apply a de novo standard of review when the construction of a procedural rule . . . is at issue."); *Williams v. Sapp*, 255 So. 3d 912, 914 (Fla. 1st DCA 2018)

2

("Appellate courts review possible due process violations in family law cases *de novo*.").

The Florida Supreme Court adopted rule 12.490 to provide for the use of general magistrates (formerly referred to as "general masters") in family law matters. Historically, after a hearing, the magistrate would submit a report and recommendations to the circuit court. *See Wells v. Wells*, 392 So. 3d 235, 236 (Fla. 1st DCA 2024). Subsequently, a party could file exceptions that the trial court had to hear before entering its order on the matter. *Id.*; *see also Oliva v. Oliva*, 357 So. 3d 1266, 1268 (Fla. 3d DCA 2023) ("It is well established Florida law that if a party timely files exceptions to a general magistrate's report, a hearing on a party's exceptions is mandatory." (citation modified)); *Figueroa v. Kossiver*, 336 So. 3d 1260, 1263 (Fla. 5th DCA 2022) ("Had Former Husband [filed exceptions], the trial court would have been required to hold a hearing on the exceptions."). Summary denial of timely filed exceptions was considered reversible error. *See, e.g.*, *Edmonds v. Edmonds*, 363 So. 3d 213, 215 (Fla. 6th DCA 2023) ("[W]here a party timely files exceptions to a magistrate's report, it is reversible error for a trial court to fail to conduct a hearing on the exceptions before entering an order on the report."); *Jean v. Jean*, 320 So. 3d 313, 317 (Fla. 2d DCA 2021) ("Because the trial court erred in summarily denying the Former Wife's exceptions to the magistrate's report and recommendations based upon a failure to file the transcript, we reverse the order approving and adopting the magistrate's report and recommendations and the order summarily denying the Former Wife's exceptions to the magistrate's report and recommendations, and we remand for the trial court to hold a hearing and consider the exceptions on the merits."); *cf. Langsetmo v. Metza*, 306 So. 3d 112, 114 (Fla. 4th DCA 2020) (finding party's due process rights were violated where exceptions were summarily denied based on failure to provide transcript within timeframe of local administrative order).

As the use of magistrates in family law developed, the Court warned "we emphasize that we are in no way implying that judges may merely 'rubber-stamp' the recommendations of masters. An adequate method of judicial review of the

3

recommendations is still *required* given the limited judicial authority that may be vested in masters." *In re Fam. L. R. P.*, 663 So. 2d 1049, 1052 (Fla. 1995) (emphasis added), *order clarified,* 667 So. 2d 202 (Fla. 1996). The Court reiterated the extent of judicial review required was dependent upon whether exceptions were filed:

> We find that, provided a judge carefully considers (1) whether the evidence and facts, as fully set forth in a master's report, support the recommendations of the master and (2) whether the recommendations are justified under the law, then the review, *absent exceptions,* is adequate and satisfies the spirit of *Lyon*. Notwithstanding this finding, *we emphasize that a judge must review the entire record if exceptions* are filed.

*Id.*

On the other hand, judicial review could not become a substitute for the judgment of the magistrate. *See Figueroa*, 336 So. 3d at 1263 ("[O]nce a trial court appoints a magistrate to make findings, it loses the prerogative of substituting its judgment for that of the magistrate." (citation modified)); *Posso v. Sierra*, 311 So. 3d 1021, 1024 (Fla. 5th DCA 2021) ("We recognize that once a matter has been heard by a magistrate and evidence taken, a judge is not allowed to substitute his or her judgment for that of the magistrate."). Instead, in that context, the circuit court "takes on the role of an appellate court." *Figueroa*, 336 So. 3d at 1263.

In 2022, rule 12.490 was significantly amended to make the review process of matters heard by general magistrates and child support hearing officers consistent. *See In re Amends. to Fla. Fam. L. R. P. 12.490 & 12.491, & Forms 12.920(a)–(c)*, 346 So. 3d 1053, 1054 (Fla. 2022) (noting intention to "align the process for hearings in front of general magistrates under rule 12.490 with the process for hearings in front of child support hearing officers under rule 12.491"). Under the new procedure, instead of a report and recommendations, a general magistrate would submit a recommended order to the court. *See* Fla. Fam. L. R. P.

4

12.490(e)(1) (2022).  The court would then promptly review and enter the recommended order unless it was determined to be facially or legally deficient.[1]  *See* Fla. Fam. L. R. P. 12.490(e)(3). Within ten days of entry, any affected party could move to vacate the order.  *Id.*  Thus, as amended, the rule replaced the parties' filing of exceptions *before* the magistrate's recommendations were adopted by the court with a motion to vacate filed *after* the court enters the magistrate's order as its own.[2]  *See Wells*, 392 So. 3d at 236.

That said, the amended rule continued to include language requiring a hearing on a timely filed and pursued motion to vacate.  *See* Fla. Fam. L. R. P. 12.490(e)(4) ("A motion to vacate the order *must* be heard within 30 days from the date the motion is filed, unless the time frame is extended by court order. Thereafter, the judge must enter an order rendering a ruling no later than 30 days *after the hearing* on the motion to vacate." (emphases added)); Fla. Fam. L. R. P. 12.490(e)(6) ("A timely filed motion to vacate stays the enforcement of the recommended order rendered by the court *until after the court has conducted a hearing on the motion to vacate* and renders an order granting or denying the motion to vacate." (emphasis added)); *see also Valcarcel v. Valcarcel*, 361 So. 3d 388, 388 (Fla. 4th DCA 2023) ("Hearings on motions to vacate under rules 12.490 and 12.491 . . . are mandatory.") (reversing orders adopting recommended orders without hearing motions to vacate); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 112 (2012) ("Mandatory words impose a duty[.]").  *But see* Fla.

---

1.  This initial review is consistent with the former rule's requirement for judicial review absent exceptions.  *See In re Fam. L. R. P.*, 663 So. 2d at 1049,1052 (Fla. 1995).

2.  Judicial review of the entire file after the motion to vacate is filed mirrors the review required after the filing of exceptions under the prior rule.  *See In re Fam. L. R. P.*, 663 So. 2d at 1052; *see also* Fla. Fam. L. R. P. 12.490(f)(1) (2024) ("The record must consist of the court file, all depositions and documentary and other evidence presented at hearing, including the transcript of the relevant proceedings before the general magistrate.").

Fam. L. R. P. 12.490(e)(5) ("Failure to seek a hearing date in conformity herewith may result in a denial of the motion to vacate.").[3]

---

3. Former Husband's motion to vacate was filed before but scheduled for hearing after additional amendments became effective as of July 1, 2024. *See In re Amends. to Fla. Fam. L. R. P.*, 389 So. 3d 1282 (Fla. 2024). Alongside changes not relevant here, the 2024 amendment provides that this motion may function as a motion for rehearing. *See* Fla. Fam. L. R. P. 12.490(e)(4) (2024). Yet this language is sandwiched in the same subsection between unchanged language requiring a hearing on the motion. *Id.* ("A motion to vacate the order *must be heard* within 30 days from the date the motion is filed, unless the time frame is extended by court order. *If applicable, a motion to vacate operates as a motion for rehearing under rule 12.530.* Thereafter, the judge must enter an order rendering a ruling no later than 30 days *after the hearing* on the motion to vacate." (emphases added)). Thus, even if the 2024 amendment applied, a timely filed and pursued motion must be heard unless it is properly treated as a motion for rehearing. *See* Fla. Fam. L. R. P. 12.490(e)(4) (2024) ("*If applicable*, a motion to vacate operates as a motion for rehearing under rule 12.530." (emphasis added)); Fla. Fam. L. R. P. 12.530(f) ("When any motion for rehearing or new trial is filed, the court must initially make a determination if a hearing on the motion is required. If a hearing is required, the court must provide notice of the hearing on the motion for rehearing or new trial. If the court determines that a hearing is not required, then the court must enter an order granting or denying the motion in accordance with this rule.").

Although the implications of the 2024 amendments were not addressed by the parties, were this change to end the mandatory right to hearing on a timely filed and pursued motion to vacate if it is properly treated as a motion for rehearing in accordance with rule 12.490(e)(4), this would be a substantive change in the law. *See M.D. Transp. v. Paschen*, 996 So. 2d 902, 904–05 (Fla. 1st DCA 2008) ("Substantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights." (citation modified)); *cf. Peeples v.*

The amended rules also continue to require the movant to submit an adequate record for judicial review, which includes transcripts of the proceedings before the magistrate. *See* Fla. Fam. L. R. P. 12.490(f)(1). More specifically, absent waiver, the movant must provide either the full transcript of *all* proceedings before the magistrate or notice that only a partial record would be submitted:

> Unless waived by order of the court prior to any hearing on the motion to vacate, the transcript of all relevant proceedings, if any, must be delivered to the judge and provided to all other parties not less than 48 hours before the hearing. If less than a full transcript of the proceedings taken before the general magistrate is furnished by the moving party, that party must promptly file a notice setting forth the portions of the transcript that have been ordered. The responding parties must be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the motion to vacate or cross-motion to vacate.

Fla. Fam. L. R. P. 12.490(f)(2). Yet the rule does not clearly provide the consequence for failure to comply with this requirement.[4]

---

*Pilcher*, 423 So. 2d 907, 908 (Fla. 1982) ("The right to a hearing before a final administrative order is rendered is substantive in nature, but the timing of when and before whom that hearing must occur is procedural."); *Cleveland Clinic Fla. v. Daniels*, 384 So. 3d 182, 185–86 (Fla. 4th DCA 2023) ("Substantive changes to vested rights are presumed not to apply retroactively, but procedural/remedial changes can apply to pending cases."). For this reason, we employ the version of rule 12.490 that applied when Former Husband's motion was filed.

4. Oddly, only the notice required under the rule reveals the potential outcome of noncompliance. For example, the order setting the motion must include the following:

7

Here, after the trial court entered the magistrate's recommended order, Former Husband timely moved to vacate and pursued a hearing on the motion, receiving three extensions unrelated to the sufficiency of the record. Because Former Husband never sought judicial waiver, he was required to either submit a record that included all the trial transcripts[5] or provide

---

**SHOULD YOU WISH TO SEEK REVIEW OF THE RECOMMENDED ORDER MADE BY THE GENERAL MAGISTRATE, YOU MUST FILE A MOTION TO VACATE IN ACCORDANCE WITH RULE 12.490(e), FLORIDA FAMILY LAW RULES OF PROCEDURE. *YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR MOTION TO VACATE OR YOUR MOTION WILL BE DENIED.* A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS UNLESS WAIVED BY ORDER OF THE COURT PRIOR TO ANY HEARING ON THE MOTION TO VACATE. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED FOR THE COURT'S REVIEW.**

Fla. Fam. L. R. P. 12.490(d)(4) (emphasis added). At the same time, the notice warns only that an insufficient record—which "ordinarily" includes transcripts—may lead to denial of the motion, not that it will be *summarily* denied.

5. The rule instructs the party to submit—or notify the other party of its intention not to submit—all transcripts of relevant *proceedings* before the magistrate, not merely the subjectively relevant *transcripts*. *See* Fla. Fam. L. R. P. 12.490(f)(1) ("The record must consist of the court file . . . including the transcript of the *relevant proceedings* before the general magistrate." (emphasis added)), (f)(2) ("Unless waived by order of the court prior to any hearing on the motion to vacate, the transcript of *all*

8

notice of the portions he would be submitting before the hearing. *See* Fla. Fam. L. R. P. 12.490(f)(1)–(2). Former Husband did neither. For this reason alone, the circuit court cancelled the hearing and denied his motion.

---

*relevant proceedings*, if any, must be delivered to the judge and provided to all other parties not less than 48 hours before the hearing. If less than a *full transcript of the proceedings taken before the general magistrate* is furnished by the moving party, that party must promptly file a notice setting forth the portions of the transcript that have been ordered." (emphases added)); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012) ("The words of a governing text are of paramount concern, and what they convey, in their context, is what the text means."). Yet the rules do not define "proceedings." *See* Fla. Fam. L. R. P. 12.020 ("For definitions of family law terms found in these rules, refer to the Family Law Glossary of Common Terms and Definitions contained in the General Information for Self-Represented Litigants located at www.flcourts.org."); *General Information for Self-Represented Litigants*, Fla. Courts, https://flcourtsmedia.flcourts.gov/content/download/217367/file/geninfo.pdf (last visited March 30, 2026) (defining "hearing" as "a legal proceeding before a judge or designated officer (general magistrate or hearing officer) on a motion" and "trial" as "the final hearing in a contested case"); *see also Proceeding*, Black's Law Dictionary (12th ed. 2024) (defining "proceeding" as "[t]he business conducted by a court or other official body; a hearing"); Bryan A. Garner, *Proceeding; Proceedings*, Garner's Dictionary of Legal Usage (3rd ed. 2011) ("In reference to business done by a tribunal of any kind, *the proceeding* and *the proceedings* are interchangeable. . . . But if several hearings are referred to, *proceedings* is the better choice."). Here, Former Husband only submitted the transcripts of the portions of the proceedings before the magistrate that he considered relevant to his motion. But the record does not establish that he was provided notice that those transcripts were considered insufficient until the court abruptly cancelled on the afternoon of the scheduled hearing.

9

While an incomplete record may have ultimately doomed his claims, it was reversible error for the trial court to summarily deny the motion after Former Husband timely filed the motion, scheduled a hearing date, and provided most of the transcripts of the proceeding held before the magistrate. While Former Husband neglected to submit all the trial transcripts, the trial court also failed to assess whether he may have substantially complied with the rule. *See* Fla. Fam. L. R. P. 12.490(f) ("For the purpose of the hearing on a motion to vacate, a record, *substantially in conformity* with this rule, must be provided to the court by the party seeking review for the court's review." (emphasis added)).

## Conclusion

The trial court reversibly erred in summarily denying Former Husband's motion to vacate based solely on his failure to submit all trial transcripts. Thus, we reverse the denial of the motion and remand for further proceedings consistent with this opinion.[6]

REVERSED and REMANDED with instructions.

JAY, C.J., and LAMBERT, J., concur.

---

6. Because the remaining issues raised on appeal were the subject of Former Husband's motion to vacate, they should be assessed if the trial court reaches the merits on remand.

10

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____