WIGGINTON, Judge.
Petitioner Richard Stone, as Secretary of State of Florida and chief executive officer of the Department of State, has filed in this court a petition for writ of certiora-ri seeking review and quashal of a purported final order rendered by his own hearing examiner appointed by him pursuant to the provisions of F.S., Chapter 493, F.S.A., relating to private investigative agencies. For the reasons hereinafter stated, we find it necessary to deny the writ prayed for and to dismiss the petition.
On January 27, 1972, petitioner issued a written notice to respondent, Bruce J. Fletcher, doing business as Bruce Fletcher Auto Recovery and located in Fort Lau-derdale, Florida, notifying him that a hearing would be held on a date and place specified therein at which Fletcher would *515 be required to show cause, if any he had, why his license to do business in Florida as a private investigative agency should not be suspended or revoked. The notice charged that on April 29, 1971, the said Bruce Fletcher had violated the provision of the statute which permits the suspension or revocation of a license issued to a private investigative agency if the licensee commits assault, battery, or kidnapping.
Petitioner thereafter appointed one Gerald Silverman as hearing officer to conduct the hearing pursuant to the notice served on Fletcher. The hearing was duly held at which the parties were both represented by counsel and testimony adduced relative to the charge made against the licensee. At the conclusion, the hearing officer filed with the Department of State what is entitled a “final order”. This purported order recites the events which transpired at the hearing, and in conclusion the hearing officer opined that he was not satisfied that the licensee did in fact commit assault and battery or use force or violence on any person and, therefore, the license issued to Fletcher should not be suspended or revoked.
By the proceeding instituted in this Court by the Attorney General on behalf of the Department of State, the petitioner complains that the “final order” rendered by his own hearing examiner is erroneous as a matter of law and prays that our writ of certiorari be issued quashing such order and remanding the case for further proceedings.
The statute relating to the licensing and supervision of private investigative agencies provides that the Department of State is vested with the power, jurisdiction, and authority to issue and revoke licenses to private investigative agencies, to suspend a license for a reasonable period, or to assess a civil penalty in an amount not to exceed $100.00.[1]
F.S., Section 493.14(1) (k), F.S.A., provides that the Department may suspend or revoke a license issued to a private investigative agency if the licensee commits assault, battery, or kidnapping.
F.S., Section 493.16(1), F.S.A., provides that the Department, before revoking or suspending any license, must give due notice of a hearing to be held for the purpose of considering the charges made against the licensee who shall be afforded an opportunity to be heard in person or by counsel in reference thereto. The statute provides that the hearing shall be conducted by such hearing officer as the Department may designate, which officer shall have the power to subpoena witnesses, administer oaths, and take testimony relevant to the charges under consideration. The statute further provides that in the event the Department shall revoke or suspend any such license, its determination shall be in writing, filed in the office of the Department, and copies thereof mailed to the licensee. Subsection (2) of the statute provides that the licensee may seek appellate review of the Department’s decision within the time provided by the Florida Appellate Rules.
Nowhere in the statute does it provide that the hearing officer shall file any kind of a report with the Department at the conclusion of the hearing. His authority under Chapter 493 is limited to holding the hearing under the conditions and in accordance with the requirements provided therein, but nothing further. The statute contemplates that after the hearing is concluded and the record filed with the Department, due consideration will be given to the charges made and the testimony and evidence adduced with respect thereto, after which a final written order will be rendered by the Secretary of State, as the chief executive officer of the Department, containing his findings, conclusions, and disposition of the case. Such final order is required to be in writing, filed in the *516 records of the Department, and a notice thereof duly served on the licensee.
From an analysis of, F.S., Chapter 493, F.S.A., under which this proceeding was instituted, it appears self-evident that no final disposition of the complaint against respondent has yet been made. The written report of the hearing examiner, even though entitled on its face as “final order”, is nothing more than a recommendation to the Department and has no legally binding force or effect either on the Department or the licensee. The Administrative Procedure Act, which governs the conduct of quasi-judicial proceedings by administrative agencies, provides for the appointment of hearing examiners to act for and on behalf of the agency.[2] This act further defines the powers and duties of a hearing examiner and provides that in the final discharge of his duties he may file a report containing his findings of fact and recommendations with respect to a final disposition of the matter heard by him.[3] There is no provision either in, F. S., Chapter 493, F.S.A., governing private investigative agencies, or F.S., Chapter 120, F.S.A., the Administrative Procedure Act, by which a report of a hearing examiner may be judicially reviewed.
Furthermore, the petition for writ of certiorari here considered purports to have been filed pursuant to, F.S., Section 120.31, F.S.A., of the Administrative Procedure Act relating to .judicial review of final administrative orders. It must be pointed out that this statute permits judicial review only of final orders of an agency rendered in the performance of a quasi-judicial function which adversely affect the rights and interests of the parties involved therein and may be brought only at the instance of the affected parties. This statute does not permit an administrative agency to seek review by certiorari of its own administrative order whether or not its effect is consistent or inconsistent with the best interests of the party affected thereby.
For the foregoing reasons we hold that this proceeding is not ripe for appellate review because no final order of the Department has yet been rendered. We further hold that, when rendered, the review may be had and initiated by the respondent if adversely affected by such order. The writ is accordingly denied and the petition dismissed.
SPECTOR, C. J., and JOHNSON, J., concur.

. F.S., § 493.02(1), F.S.A.

. F.S., § 120.24, F.S.A.

. F.S., § 120.25(8), F.S.A.