PER CURIAM.
Dr. Boedy petitions for review of non-final agency action, Fla.R.App.P. 9.100, § 120.68(1), Fla.Stat. (1981), consisting of a DOAH hearing officer’s order denying Boe-dy’s motion to dismiss an administrative complaint filed against Boedy by the Department of Professional Regulation. The complaint seeks a revocation or suspension of Boedy’s license to practice medicine, or other disciplinary action, pursuant to section 458.331, Florida Statutes (1981). Power to act finally upon the complaint is vested by statute in the Board of Medical Examiners, § 458.331(2), which has referred the matter for hearing by a DOAH hearing officer. See Department of Professional Regulation v. Hall, 398 So.2d 978 (Fla. 1st DCA 1981).
Boedy questions the Board’s power to act at all in the premises, urging that he, having previously requested that his medical license be placed in an inactive status, § 458.321, is beyond the disciplinary powers of the Board. This position Boedy asserts by a timely-filed motion to dismiss the complaint, stating both that the Board “does not have jurisdiction to impose disciplinary sanctions” in the circumstances and that the prosecution “is beyond the police power of [the Board] because said agency has no legitimate interest in assuring that nonpracticing physicians are able to ‘practice with reasonable care and safety.’ ”
The hearing officer’s order of February 8, 1983, purports to deny Boedy’s motion to dismiss, saying:
When Sections 458.301, 458.321 and 458.331, Florida Statutes (1981) are read, in pari materia, it is concluded that the voluntary deactivation of a medical license does not bar the petitioner from prosecuting the licensee for alleged violations of Chapter 458.
Reserving the question of whether the Department is urging upon the Board regulatory powers not granted by the pertinent statutes, we acknowledge that this is the sort of issue that may qualify, depending on the circumstances, for immediate review in a district court of appeal. That is so because awaiting final agency action, in the form of a final order on the merits, may not provide an adequate remedy. Sec. 120.-68(1); Fla.R.App.P. 9.100..
Nevertheless, the question now before us is one that should be addressed by the Board before it is addressed here. If in the Board’s view Boedy’s position is correct, then judicial review will be obviated. And if in the Board’s view the hearing officer is correct, we shall have that view expressed on the record by the agency primarily responsible for implementing the standards prescribed by chapter 458. At any rate, Model Rule 28-5.205, Fla.Admin.Code, which the Board has adopted, Rule 21M-18.04, seems explicitly to regard the hearing officer’s order as a recommended order *760 only, and to require final disposition of Boe-dy’s motion to dismiss the complaint by the Board:
Motions in opposition to a petition, which may be filed by any party, include motions to dismiss, to strike, and for more definite statement, and shall be filed within twenty (20) days of the service of the petition [for section 120.57 proceedings]. Any ruling by a presiding officer [who in this case is the DO AH hearing officer] shall be incorporated in a recommended order, and can be finally disposed of only by the Agency head.
To permit final disposition by the Board of Medical Examiners of Boedy’s motion to dismiss the Department’s complaint, providing the predicate for possible immediate review by this court, we REMAND the case to the Board of Medical Examiners for a period of 30 days and direct that the Board enter an order finally disposing of Boedy’s motion to dismiss. Upon the filing here of a certified copy of the Board’s order, our jurisdiction will again attach, and the petition for review will be considered as addressed to the Board’s dispositive order, if that order denies the motion to dismiss, or the petition will be dismissed as moot, should the Board grant the motion.
ROBERT P. SMITH, C.J., and LARRY G. SMITH and THOMPSON, JJ., concur.