443 So.2d 227 (1983)
John T. BECKUM, O.D., Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. AR-142.
District Court of Appeal of Florida, First District.
December 14, 1983.
*228 Stephen Marc Slepin, Slepin, Slepin, Lambert & Waas, Tallahassee, for appellant.
Robert A. Weiss, Assistant General Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.
LARRY G. SMITH, Judge.
The Department of Health and Rehabilitative Services notified Dr. Beckum, a licensed optometrist and Medicaid provider, that it intended to impose administrative sanctions consisting of a fine against him, under Rule 10C-7.60(6)(c), Florida Administrative Code, for violations of Medicaid policy and the State's minimum examination procedures. Dr. Beckum requested a formal hearing and the matter was referred to the Division of Administrative Hearings and given Case No. 82-1961. Upon motion by Dr. Beckum, the assigned hearing officer dismissed the Department's action against Dr. Beckum for failure to file an administrative complaint adequately setting forth the charges against Dr. Beckum. A subsequent motion by the Department to set aside the dismissal was denied, but the order of dismissal expressly stated that the Department was not precluded from "refiling a complaint which states with specificity its charges and allegations in this matter." A month later, on December 13, 1982, the Department sent a letter to Dr. Beckum enclosing an administrative complaint, and again advising him of his right to request an administrative hearing. On January 18, 1983, Dr. Beckum requested a formal hearing on the December 13th administrative complaint. The Department, relying on Rule 10-2.36, Florida Administrative Code,[1] found that Dr. Beckum's January 18th request for hearing was untimely, and entered a final order requiring Dr. Beckum to pay an administrative fine of $8,100.00. We reverse.
Admittedly, as to the December 13, 1982 complaint, Dr. Beckum's January 18th request for a hearing was beyond the 30 day time period provided for in Rule 10-2.36. However, Dr. Beckum's January 18th request was unnecessary since he had already timely initiated formal proceedings concerning this identical controversy in Case No. 82-1961.[2] In accordance with Section 120.57, Florida Statutes (1981), Dr. Beckum was entitled to have a trial type hearing, culminating in the hearing officer's recommended order and thereafter, the Agency's final order. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). Under the circumstances present here Dr. Beckum cannot be considered to have waived his right to a formal hearing. The Department's filing of a formal administrative complaint after being offered this alternative by the hearing officer in fairness must be viewed as a continuation of the formal hearing process itself, rather than as a means of escape from it. Thus, the Department was not authorized to summarily enter a final order imposing a fine upon Dr. Beckum.
The Department should have filed its December 13th amended complaint in Case No. 82-1961. Rule 28-5.202, Fla. Admin. Code.[3] Although the order does not expressly state that the hearing officer contemplated that the Department would file any amended complaint in the proceeding pending before him, it can reasonably be so *229 inferred. In any event, the Department was on notice of Dr. Beckum's demand for a formal hearing on the charges being made against him.
The Department apparently mistakenly interpreted the hearing officer's order of dismissal as a final order disposing of Case No. 82-1961. However, the record discloses that neither the hearing officer's order dismissing the proceeding nor his order refusing to set aside the dismissal was incorporated in a recommended order dismissing Case No. 82-1961 from the Division of Administrative Hearings. See Rule 28-5.402, Fla. Admin. Code. Further, so far as the record discloses, the Department has never issued a final order dismissing Case No. 82-1961. See Rule 28-5.405(2), Fla. Admin. Code. Accordingly, the Department was not justified in treating the hearing officer's dismissal order as a final order disposing of Case No. 82-1961. See, Department of Professional Regulation v. LeBaron, 443 So.2d 225 (Fla. 1st DCA 1983).
The Department's final order is reversed, and the cause is remanded for proceedings consistent with this opinion.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] This rule provides that failure to request a hearing within 30 days of receipt of the Agency decision shall be deemed a waiver of any right to a Section 120.57, F.S., hearing and the Agency decision shall become final agency action.
[2] The Medicaid recipients involved in the violations charged in the December 13, 1982 complaint are all included in the list of recipients named in the original notice of administrative sanctions, and the nature of the violations charged remained the same.
[3] Rule 28-5.202, made applicable to these proceedings by Rule 10-2.31, permits amendment upon order of the hearing officer. We note that by order of November 1, in the present case the hearing officer granted a motion by appellant to dismiss for failure of the Department to timely amend under an earlier order.