443 So.2d 225 (1983)
DEPARTMENT OF PROFESSIONAL REGULATION, Appellant,
v.
John H. LeBARON, D.D.S., Appellee.
No. AQ-214.
District Court of Appeal of Florida, First District.
December 14, 1983.
Rehearing Denied January 19, 1984.
Salvatore A. Carpino, Staff Atty., Dept. of Professional Regulation, Tallahassee, for appellant.
George L. Waas, Slepin, Slepin, Lambert & Waas, Tallahassee, for appellee.
LARRY G. SMITH, Judge.
The Department appeals an order of the hearing officer, appointed from the Division of Administrative Hearings (DOAH) to conduct formal proceedings, dismissing without prejudice the Department's complaint charging professional incompetence against Dr. LeBaron, a licensed dentist. The hearing officer found that the Department failed to comply with the requirements of Section 455.221(2), Florida Statutes (1981), essential to probable cause findings against Dr. LeBaron. Dr. LeBaron cross-appeals contending that the Department acted in derogation of Rule 28-5.205, Florida Administrative Code, and this court's recent decision in Boedy v. Department of Professional Regulation, 428 So.2d 758 (Fla. 1st DCA 1983), which require final disposition of the order dismissing the complaint by the Board of Dentistry before review may be sought in this court. We agree that the hearing officer's order is not appealable and dismiss the petition.
Rule 28-5.205, made applicable to this proceeding by Rule 21G-1.20, Florida Administrative Code, provides as follows: "Motions in opposition to a petition, which may be filed by any party, include motions to dismiss, to strike, and for more definite statement, and shall be filed within twenty (20) days of service of the petition. Any ruling by a presiding officer on a motion in opposition to a petition shall be incorporated in a recommended order, and can be finally disposed of only by the Agency head." In accordance with this rule, this *226 court ruled in Boedy that the hearing officer's order denying the doctor's motion to dismiss the administrative complaint must be addressed by the Board of Medical Examiners prior to review in this court. Similarly, we hold that the hearing officer's order, dismissing the administrative complaint, which has never been addressed by the Board of Dentistry, is not reviewable by this court.[1]
Although not mentioned by either party, we find it necessary to mention a further reason for dismissing this appeal. The Department brought this petition for review of non-final agency action pursuant to Florida Rule of Appellate Procedure 9.100 and Section 120.68(1), Florida Statutes (1981). This statute provides that "[a] preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." (emphasis supplied) Our concern is that the hearing officer's order which is the subject of this appeal is not preliminary procedural or intermediate action by an agency. Despite the fact that the order is a ruling on a matter before the hearing officer, the hearing officer is not an agency head, and the Division of Administrative Hearings is not an agency responsible for final agency action in Section 120.57 proceedings. See Section 120.52(1), (2), (3), Florida Statutes (1981). Neither the rule nor the statute empower this court to entertain petitions for review of non-final orders of hearing officers.[2]
Research has not revealed any Florida cases discussing this precise issue.[3] However, in Bureau of Community Medical Facilities Planning of Department of Health and Rehabilitative Services v. Samson, 341 So.2d 1071 (Fla. 1st DCA 1977), this court held that the hearing officer designated to conduct a proceeding on an application for certificate of need to construct a hospital facility was not an "agency" for purposes of rendering final agency action on the application. We think the same reasoning applies to the hearing officer's order for purposes of preliminary, non-final review under Section 120.68(1) and Rule 9.100.[4] We are persuaded to this view by the logic that the Board should not be put in the position of seeking review of an order rendered by a hearing officer assigned *227 to conduct the hearing on its behalf. Stone v. Fletcher, 276 So.2d 514 (Fla. 1st DCA 1973); see also Rule 28-5.201(3), Fla. Admin. Code.
Under our interpretation of administrative procedure and appellate review, the question now before us should be addressed by the Board. If the Board agrees that the hearing officer correctly dismissed the administrative complaint, judicial review is unnecessary. If the Board agrees with the Department that the probable cause proceedings were not impaired by any procedural irregularities, the proper procedure for the Board would be to reject the recommended order of dismissal and reinstate the administrative complaint. See, Anson v. Florida State Board of Architecture, Department of Professional And Occupational Regulation, 354 So.2d 386 (Fla. 1st DCA 1977). The onus would then be upon Dr. LeBaron to seek review keeping in mind that he is only entitled to immediate non-final review if ultimate review of the final agency action will not provide an adequate remedy. Nelson v. State Board of Accountancy, Division of Professions, Department of Professional and Occupational Regulation, 355 So.2d 216 (Fla. 1st DCA 1978). Cf., Boedy, supra, indicating that a challenge to an agency's power to act at all  because the agency is assuming regulatory powers not granted by the pertinent statutes  is "the sort of issue that may qualify, depending on the circumstances, for immediate review in a district court of appeal." 428 So.2d at 759.
The Department's petition for review is dismissed.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] We recognize that Rule 28-5.205 is addressed to motions in opposition to a "petition" and that "petition" is defined in Rule 28-5.201, Florida Administrative Code as "any application or other document which expresses a request for formal proceedings." It might be argued that an administrative complaint should not be treated as a "petition" for purposes of the application of Rule 28-5.205. However, we do not read the requirements of Rule 28-5.205 as applying only to a "petition" as defined for purposes of Rule 28-5.201. These procedural rules apply unless the agency has adopted specific rules to the contrary, Rule 28-5.101, and since there is no other rule dealing with motions to dismiss, we construe the word "petition" in Rule 28-5.205 in its non-technical sense as being synonymous with an administrative complaint filed by an agency. We note that Rule 28-6.09(4), Florida Administrative Code, made applicable to this proceeding by Rule 21G-1.20, specifically provides that the agency's administrative complaint shall be considered to be the "petition."
[2] Despite the failure of the parties to raise the issue, this court may notice questions of its own jurisdiction. See 3 Fla.Jur.2d, Appellate Review, § 28, p. 55-56 and cases cited therein.
[3] Many courts have entertained review of non-final orders of hearing officers but the precise issue of jurisdiction was not raised or discussed in the opinions. See e.g., Vey v. Bradford Union Guidance Clinic, Inc., 399 So.2d 1137 (Fla. 1st DCA 1981); Florida Real Estate Commission v. Frost, 373 So.2d 939 (Fla. 4th DCA 1979); General Development Corporation v. Florida Land and Water Adjudicatory Commission, 368 So.2d 1323 (Fla. 1st DCA 1979); State ex rel. Sarasota County v. Boyer, 360 So.2d 388 (Fla. 1978); and Department of Environmental Regulation v. Leon County, 344 So.2d 297 (Fla. 1st DCA 1977).
[4] We note that in rulemaking proceedings, rule challenges, and requests authorizing continued involuntary placement under the Baker Act (and perhaps other proceedings), the DOAH hearing officer's order is final agency action and reviewable. However, the legislature has expressly provided for the finality of hearing officer's orders in these instances. See Sections 120.54(4)(d), 120.56(5), and 394.457(6)(b), Florida Statutes (1981). The reviewability, in this court, of hearing officers' final orders in rulemaking proceedings was fully discussed and confirmed in 4245 Corporation, Mother's Lounge, Inc. v. Division of Beverage, 348 So.2d 934 (Fla. 1st DCA 1977).