ZEHMER, Judge.
Petitioners, Florida Department of Professional Regulation and Electrical Contractors’ Licensing Board, appeal from a hearing officer’s order granting to respondents Dova Cauthen and John Eugene Harden the right to discovery of the January 1983 state examination for licensure as an electrical contractor. Petitioners attempt to invoke our jurisdiction by utilizing a “shotgun” approach:
The jurisdiction of this Honorable Court is invoked upon the authority of Rule 9.030(b)(2) and/or Rule 9.030(b)(1)(B) and/or Rule 9.030(b)(1)(C) and/or Rule 9.030(b)(3), and Rule 9.100, all of the Florida Rules of Appellate Procedure; and Article V, Section 4, Constitution of the State of Florida, as well as decisional and adjective law: the instant petition commences a proceeding to seek review of a non-final order in an administrative proceeding which deals with or implicates the discovery provisions of the Florida Rules of Civil Procedure.
Unfortunately, all of petitioners’ buckshot missed the target.
We reject petitioners’ reliance upon rule 9.030(b)(1)(B) because a hearing officer is clearly not a “circuit court.” Next, petitioners erroneously rely upon rule 9.030(b)(1)(C) and rule 9.100 to invoke this court’s jurisdiction to review nonfinal administrative action. Neither these two rules nor section 120.68(1), Florida Statutes (1981); empowers this court to entertain petitions for review of nonfinal orders of hearing officers. Department of Professional Regulation v. LeBaron, D.D.S., 443 So.2d 225 (Fla. 1st DCA 1983); Beckum, O.D. v. State of Florida, Department of Health and Rehabilitative Services, 443 So.2d 227 (Fla. 1st DCA 1983).
Finally, petitioners attempt to invoke our jurisdiction to issue writs of cer-tiorari and all writs necessary to the complete exercise of our jurisdiction. Rule 9.030(b)(2)(A) provides that we may issue writs of certiorari to review nonfinal orders of “lower tribunals.” According to rule 9.020, the term “lower tribunal” includes “the court, agency, officer, board, commission or body whose order is to be reviewed.” Although it could be argued that a hearing officer is a “lower tribunal” within this definition, we need not reach this issue since it is axiomatic that a writ of certiorari will not issue where the petitioner has a full, complete, and adequate remedy at law. 3 Fla.Jur.2d, Appellate Review, § 467. Petitioners have an adequate remedy to redress the alleged error in the hearing officer’s discovery order. Section 120.-58(2), Florida Statutes (1982), permits the Department to review the discovery order and, if error is determined, enter an order prohibiting the ordered discovery to respondents. If unsatisfied with the Department’s order, respondents may attempt to invoke this court’s jurisdiction to review nonfinal administrative action. LeBaron and Beckum, supra.
Petitioners’ petition to review the hearing officer’s order is DISMISSED for lack *874 of jurisdiction. The various motions filed in this case are moot. The petition for certiorari is DENIED.
BOOTH and THOMPSON, JJ., concur.
ON MOTION FOR CLARIFICATION
PER CURIAM.
Petitioners have filed a motion seeking clarification of our opinion issued January 26, 1984, holding that petitioners, pursuant to section 120.58(2), Florida Statutes, have an adequate remedy at law to obtain relief from an allegedly invalid discovery order issued by a hearing officer. We grant the motion and hereby clarify our opinion to state that pursuant to section 455.213(3), Florida Statutes, the Electrical Contractors’ Licensing Board is the agency having jurisdiction of the dispute and that the Board, having objected to the proposed discovery order, shall review and set aside or modify such order should it determine that there are sufficient grounds for doing so. Otherwise, the Board shall approve the discovery order, whereupon it shall be subject to enforcement pursuant to chapter 120. Under the statutory scheme, the Board is acting for and on behalf of the Department of Professional Regulation. Obviously the Department will be bound by any final order entered by the Board.
BOOTH, THOMPSON and ZEHMER, JJ., concur.