ZEHMER, Judge.
North Broward Hospital District (NBHD) seeks review of a hearing officer’s order denying its petition to intervene in an ongoing Department of Health and Rehabilitative Services (HRS) administrative proceeding.
NBHD attempts to invoke our jurisdiction pursuant to article V, section 4(b), Florida Constitution; section 120.68(1), Florida Statutes (1981); and rule 9.100, Florida Rules of Appellate Procedure. All of these jurisdictional vehicles relate to appellate review of “agency action.” It has recently been held by this court that orders of hearing officers, subject to limited exceptions, do not constitute “agency action.” Department of Professional Regulation ¶. Honorable Sharyn L. Smith, No. AU-248 (Fla. 1st DCA, Jan. 26, 1984); Department of Professional Regulation v. Williams, 444 So.2d 502 (Fla. 1st DCA 1984); Department of Professional Regulation v. LeBaron, D.D.S., 443 So.2d 225 (Fla. 1st DCA 1983); Beckum, O.D. v. Department of Health and Rehabilitative Services, 443 So.2d 227 (Fla. 1st DCA 1983); Boedy v. Department of Professional Regulation, 428 So.2d 758 (Fla. 1st DCA 1983). The issue raised by NBHD regarding the correctness of the hearing officer’s denial of its petition to intervene should be addressed by HRS before it is addressed here. If the agency disagrees with the hearing officer’s recommendation, then judicial review will be unnecessary; if the agency accepts the hearing officer’s recommendation, then we will have for our review “agency action” pursuant to section 120.68(1), Florida Statutes. This court has previously held that an agency order denying a petition to intervene is final agency action reviewable under section 120.68(1). Laborers International Union of North America, Local 666 v. Public Employees Relations Commission, 336 So.2d 450 (Fla. 1st DCA 1976).
In accordance with Boedy, supra, we remand to HRS for a period of twenty days and direct that HRS enter an order either accepting or rejecting the hearing officer’s order denying the petition to intervene. Upon the filing with this court of a certified copy of the department’s order, our jurisdiction will again attach and the petition for review will be considered as addressed to the department’s dispositive order if that order denies the petition to intervene, or the petition will be dismissed as moot should the department grant the petition to intervene.
ERVIN, C.J., and NIMMONS, J., concur.