THOMPSON, Judge.
Hendry Corporation (Hendry) appeals a final order of the Department of Transportation (DOT) finding Hendry’s low bid non-responsive and awarding the contract to the second low bidder. Hendry contends, inter alia, that § 339.0805, Fla.Stat., on which DOT partially relied in reaching its decision that Hendry’s bid was nonre-sponsive, is unconstitutional. We affirm.
Section 339.0805 provides in part:
(1) Except to the extent that the head of the department determines otherwise, not less than 10 percent of the amounts expended ... shall be expended with small business concerns owned and controlled by ... disadvantaged individuals....
Hendry argues that the statute involves race and sex-based classifications, that extremely close judicial scrutiny of the statute is therefore required, and that the statute cannot stand under strict scrutiny. It is contended that the statute allows the secretary of DOT to exercise unbridled discretion as to when and to what extent Disadvantaged Business Enterprise/Women’s Business Enterprise (DBE/WBE) requirements will be inserted into state construction contracts. Hendry’s position is that the statute is vague and delegates authority to administrators without establishing standards and guidelines for the exercise of the authority, and that it is therefore an unlawful delegation of legislative authority and is void.
Appellant would have us take the first dozen words of the statute out of context in order to find an unlawful delegation of legislative authority. This we decline to do. If the entire legislative scheme is considered, it becomes apparent that the statute is not vague, and does not grant the secretary of DOT unbridled authority so as to render the statute unconstitutional. It is a valid, reasonable, and constitutional grant of discretion to the secretary of DOT which is designed to permit the DOT to carry out the DBE/WBE program, and to comply with the legislative intent and the federal restrictions on DOT in the letting of contracts.
We find no merit to the other issues raised, and affirm.
JOANOS and NIMMONS, JJ., concur.