503 So.2d 944 (1987)
Richard HOLMBERG, Appellant,
v.
DEPARTMENT OF NATURAL RESOURCES, Appellee.
Nos. BN-223, BN-269.
District Court of Appeal of Florida, First District.
March 2, 1987.
*945 Joseph L. Cardozo of Jones & Cardozo, Sarasota, for appellant.
Andrew S. Grayson, Asst. Gen. Counsel, for appellee.
MILLS, Judge.
Richard Holmberg appeals from two final orders of the Department of Natural Resources (DNR). The first imposes a civil fine against him for willful violation of a coastal construction permit, pursuant to Section 161.054(1), Florida Statutes (1985). The second requires him to bear a portion of the cost of removal of the offending construction project. We reverse.
In November 1984, DNR issued Coastal Construction Permit DBS 83-83 to Arthur Learned, P.E., on behalf of the Captiva Erosion Prevention District (CEPD). The permit described the location of the project, some 650' of beach on Captiva Island, Lee County, Florida, and described the project itself  six sandbag groins, each consisting of two side-by-side rows of 13' x 5' sandbags underlaid with anchored filter fabric, spaced 150' apart and extending a maximum of 75' seaward of the mean high water line.
Twelve special conditions were attached to the permit as well. Special Condition No. 1 provided that all construction was to conform to the description in the permit, with no modification permitted to location, size or structural design without prior agency approval. Special Condition No. 10 stated that, if DNR determined the project to have an adverse effect on the beach or public welfare, or that it was otherwise serving no purpose, the permittee would remove the installation and restore any damage immediately and at the permittee's expense. The permittee also agreed, in a separate document, to construct in accordance with the plans and to adjust, alter or remove any structure as directed by DNR if in its opinion it results in damage, is otherwise undesirable or becomes unnecessary, such removal to be accomplished by the permittee at no cost to the State.
The permittees, Learned and the CEPD, hired Holmberg as the contractor of the project; construction commenced in January 1986. On 3 February 1986, after an on-site inspection of the project, a DNR inspector notified Learned that it was out of compliance with the permit and that it must be either conformed thereto or work ceased. Instead of a single layer of 13' sandbags as authorized, Holmberg had used bags 35' to 50' in length filled with concrete and topped with a second layer of 13' bags, also filled with concrete.
On 4 February, a "warning notice of violation" was issued to CEPD, which held an emergency meeting the same day. Holmberg attended the meeting, at which it was decided to cease work on the project until a scheduled meeting with DNR officials on 7 February. In the meantime, on 5 February, Learned sought an after-the-fact modification of the permit to conform to the project as constructed.
*946 After the 7 February meeting with DNR, CEPD notified Holmberg verbally that the 4 February stop work order would remain in effect pending the modification proceedings; written notification to that effect was given him on 11 February. Also on 11 February, DNR issued a formal notice of permit violation to CEPD, with a copy to Holmberg. However, by letter of 18 February to Learned, Holmberg's counsel informed him that work on the project had been completed.
By letter of 24 February from DNR, Holmberg was notified that "the referenced application for [modification of] a permit ... has been placed on the agenda of the Head of the Department of Natural Resources (Governor and Cabinet)." The date and time of the meeting was provided and Holmberg informed that he could attend if he desired. The letter also informed him that "the Executive Director of the Department has recommended to the Head of the Department denial of the application [and] requiring removal of the unauthorized construction... . Anyone objecting to the staff recommendation may exercise any rights they may have pursuant to Section 120.57 ... within 21 days of the receipt of this notice... ." The letter did not mention that a civil fine was sought to be imposed against Holmberg, nor that requiring him to pay for the removal of the project would be discussed.
Holmberg attended the meeting, held on 4 March, and addressed the Governor and Cabinet. He explained that the project deviations had been necessary because of radically changed beach conditions since the time the permit had been issued. DNR representatives expressed their concern about the permanence of a concrete, rather than a sandbag, structure and the possible damage to the beach when and if the concrete began to break up. The meeting adjourned before resolution of the situation for consideration by DNR of possible project monitoring to avoid the anticipated damage. Again, there was no mention of the possibility of fining Holmberg, or of imposing removal costs against him.
On 11 March, Holmberg received a second letter from DNR, stating that "[t]he referenced application for a permit and violation pursuant to Section 161.041 ... was deferred from the March 4, 1986 meeting ... and will, therefore, be considered on the next agenda." Again, the date and time of the meeting were set forth and Holmberg given permission to attend "if desired." Holmberg did attend and reiterated, through counsel, the changed conditions which had required the permit deviation. At the close of this statement, the recommendation for removal of the project was amended on motion to "put the responsibility for removal clearly with the contractor and the engineer [Learned], because ... they are clearly the ones at fault in this situation." The motion was passed without discussion or objection and the meeting concluded.
On 15 April, two final orders were entered by DNR. The first found as fact that the permit had been violated and that Holmberg had completed the nonconforming project despite orders to stop work. Relying on Section 161.054, which provides that "any person or agent of any person refusing to comply with or willfully violating any of the provisions of Section 161.041, Florida Statutes, or any rule or order prescribed by the Department thereunder, shall incur a fine for each offense in any amount up to $10,000 to be fixed, imposed and collected by the Department," a $6000 fine was imposed against Learned and Holmberg to be apportioned equally between the two.
The second order, based on essentially the same facts, denied the permit modification and required removal of the concrete groins "with the removal expense to be borne by the project engineer ... and the project contractor, Richard Holmberg." No authority for this imposition is cited. These orders were separately appealed to this court, which appeals were consolidated for consideration and disposition.
With regard to the imposition of the civil fine against Holmberg pursuant to Section 161.054(1), we reverse and remand for further agency action. Section 120.68(8), Florida Statutes (1985), provides that the court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material *947 error in procedure or a failure to follow prescribed procedure.
It is well settled that a party whose substantial interests are or will be affected by agency action is entitled to a Section 120.57 hearing. McDonald v. Department of Banking and Finance, 346 So.2d 569, 578 (Fla. 1st DCA 1977). The only information provided Holmberg by DNR prior to its action against him was that Learned's request for modification of the permit was to be heard and that he could attend the meeting, or not, as he chose. Holmberg was given no notice whatever that his interests were at stake, i.e. that the department was seeking to impose a statutory fine against him and on what charges, so that he could seek the 120.57 hearing to which he was entitled. Absent such notice and the subsequent failure of the recipient to timely seek a hearing, an agency cannot summarily enter a final order imposing a fine. See Beckum v. HRS, 443 So.2d 227 (Fla. 1st DCA 1983).
The fine imposed against Holmberg herein is therefore reversed and the case remanded for further agency action, if desired. Any further proceedings against Holmberg should take the form of a properly served administrative complaint, which clearly informs him of the department's allegations and the penalty sought to be imposed. Any complaint should also set forth the right to an administrative hearing and the pertinent time limits for seeking that hearing. In the event Holmberg seeks a hearing, it can be determined by the agency at that time whether there are disputed issues of material fact sufficient to warrant a formal hearing pursuant to Section 120.57(1), Florida Statutes. We do not here determine that issue.
We also reverse the imposition against Holmberg of a portion of the cost of the removal of the project. Section 161.054(1) provides for a fine for refusal to comply with or willful violation of the chapter, while subsection (2) permits imposition of the costs of reparation of any damage to sovereignity lands caused by the violation. There is no provision in the statute for imposition of the costs of removal of an objectionable project.
Statutes imposing a penalty must always be construed strictly in favor of the one against whom the penalty is imposed and are never to be extended by construction. 39 Fla.Jur.2d Penalties and Forfeitures, § 5; Hotel and Restaurant Comm'n v. Sunny Seas No. One, Inc., 104 So.2d 570, 571 (Fla. 1958). DNR argues that, because the purpose of the chapter is the preservation of Florida's beaches and shores, the penalty portion should be liberally construed to effect that result. However, liberal construction to effectuate a public purpose cannot prevail over a principle of law as firmly established as that regarding statutory penalties. Hotel and Restaurant Comm'n at 571. DNR also points to the permit condition requiring removal at the permittee's expense in certain circumstances. However, only Learned and the CEPD were permittees subject to the cited condition; Holmberg was not. Therefore, it cannot be used as authority for the imposition of the costs of removal against him.
Reversed and remanded.
BOOTH, C.J., and THOMPSON, J., concur.