STEVENSON, J.
Appellants Home Construction Management, LLC (“HCM”) and HCM’s representative, Abraham “Avi” Omer, appeal a final judgment and damage award for various claims relating to providing unlicensed contracting services. The appellants were contacted by the appellee, Comet, Inc. (“Comet”), to complete the construction of a single-family residence in Lantana, Florida. On April 12, 2007, Comet and HCM entered into a written contract for completion of the project. Omer represented HCM throughout the parties’ relationship, but neither HCM nor Omer was a licensed contractor. Comet sued, in relevant part, for disgorgement of overcharges and treble damages under section 768.0425(2), Florida Statutes (2007). After a bench trial, the trial court entered a final judgment on October 7, 2011, which trebled damages in the amount of $41,747.58 in overbillings, making HCM and Omer jointly and severally liable up to the damage amount of $125,242.74.
We affirm all issues but the trial court’s application of section 768.0425 against Omer individually. The question involves the interpretation of a statute and is subject to de novo review. See Tasker v. State, 48 So.3d 798, 804 (Fla.2010). For the purpose of trebling damages, section 768.0425(1) separately defines “contractor” as “any person who contracts to perform any construction or building service which is regulated by any state or local law, including, but not limited to, chapters 489 and 633.... ” The trial court specifically found that Omer was not a party to the written contract between HCM and Comet, therefore, Omer did not “contract[ ] to perform” any service as required by section 768.0425. We narrowly construe the language “person who contracts to perform” in section 768.0425(1), as treble damages are punitive and in the nature of a fine or penalty. See Country Manors Ass’n v. Master Antenna Sys., Inc., 534 So.2d 1187, 1195 (Fla. 4th DCA 1988) (noting that treble damages under the civil theft statute are punitive); McArthur Dairy, Inc. v. Original Kielbs, Inc., 481 So.2d 535, 539-40 (Fla. 3d DCA 1986) (same); see also Holmberg v. Dep’t of Natural Res., 503 So.2d 944, 947 (Fla. 1st DCA 1987) (restating well-settled Florida law that statutes imposing a penalty or fine must be construed strictly in favor of the one against whom the penalty is imposed). We reverse the portion of the judgment trebling the damage award against Omer.

Affirmed in part, reversed in part.

GERBER and CONNER, JJ., concur.