PER CURIAM.
This case involves a motion to quash petitions for writs of certiorari and to dismiss the proceedings in two cases.
It appears that the respondents held hearings with reference to the .adoption of rules and regulations governing clearances, above, beside and between railroad tracks in the State of Florida. An order. was finally entered on February 18, 1953, known as Order 1871. The order was to become effective six' months from its date and should apply to tracks or to structures, buildings, or facilities adjacent thereto which are to be constructed subsequent to the effective date of the rules and regulations.'
Under and by virtue of the terms of the order the respondents retained jurisdiction for the purpose, of the entry of such future order, or orders, as may be appropriate or necessary as a consequence of exemptions established and provided for under Rule 8. Rule 8 is as follows:
“If in any particular case, exemption from any of the requirements of these rules is deemed necessary by the carrier concerned, the Commission will consider the application of such carrier for such exemption when accompanied by a full statement of the conditions existing and the reason why such exemption is asked.”
There has been no petition or motion filed for a rehearing with reference to the rules. No application has been filed by any of the' petitioners for exemptions under Rule No. 8. Nothing has yet been done under the rules or regulations by the petitioners or respondents.
The authority of respondents to adopt rules and regulations will be found in sections 350.12(2) (e) and 350.26 F.S., F.S.A. The motion of respondents to quash the petitions for writs of certiorari and to dismiss the proceedings is based upon the following grounds:
“(1) It affirmatively appears from the record herein that the Commission had lawful authority to adopt the rules and regulations from which relief is sought;
“ (2) The record, together .with certificate attached to the motion, affirmatively shows that the petitioners have an administrative method for testing the reasonableness of said rules and regulations and that they have not exhausted said administrative remedies; and “(3) It affirmatively appears from the record that administrative' adjudication is still open and the rules and regulations complained of do not possess that element of finality which- is a prerequisite to judicial review.”
The foundation of the respondents’ judicial powers is found in section 35 of Article 5 of the State Constitution, F.S. A., which provides that the Legislature “may clothe any Railroad Commission with judicial powers in all matters connected with the functions of their office.” The Legislature has vested the respondents with judicial powers in and by Chapter 350 et seq., F.S., F.S.A. The only method of review of orders of the respondent is by common-law certiorari, provided for in section 5 of Article 5 of the State -Constitution. A common-law writ of certiorari is the proper method to review the final orders of re-sponent. See Atlantic Coast Line R. Co. v. Railroad Commission, 149 Fla. 245, 5 So.2d 708, and Florida Motor Lines, Inc. v. Railroad Commissioners, 100 Fla. 538, 129 So. 876. Common-law writs of certiorari are appropriate only for the purpose of reviewing final judgments or orders. See annotations under section 59.01, note 89, F.S.A. The rules and regulations sought to be .reviewed, qre not such final orders or judgments reviewable at this time by writ of certiorari.
The petitions- for certiorari were filed prematurely. The authority of the respondents to adopt rules and regulations concerning the matters hereinabove set forth is covered by the sections of the statute hereinabove mentioned. If the rules and regulations are unreasonable or violative of any constitutional rights as applied to any particular case, such questions may be appropriately raised in a proper proceeding. The petitions for the writs of certiorari fail to show that any proceedings *482 have been had in any particular case or against any particular carrier where the questions of reasonableness or constitutional rights could be properly presented.
The petitions for certiorari are premature and should be quashed and the proceedings dismissed, without prejudice, however, to the right of any of the petitioners to raise the questions of reasonableness or invasion of constitutional rights when a proper case is presented. We do not pass upon these questions at this time.
The petitions for certiorari be and they are hereby quashed and the proceedings dismissed.
ROBERTS, C. J., and THOMAS, MATHEWS and DREW, JJ., concur.