344 So.2d 297 (1977)
DEPARTMENT OF ENVIRONMENTAL REGULATION, Petitioner,
v.
LEON COUNTY et al., Respondents.
No. BB-459.
District Court of Appeal of Florida, First District.
April 7, 1977.
David Gluckman, Crescent City, for petitioner.
*298 F.E. Steinmeyer, III, of Folson & Steinmeyer, J. Lewis Hall, of Hall & Booth, J. Marshall Conrad and Michael Pearce Dodson, of Ausley, McMullen, McGehee, Carothers & Proctor, Robert M. Ervin, Joseph C. Jacobs and Robert J. Angerer of Ervin, Varn, Jacobs & Odom, Tallahassee, George Levine, M. Julian Proctor, Jr., of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for respondents.
McCORD, Judge.
The Department of Environmental Regulation (hereafter referred to as DER) petitions to review interlocutory orders of a hearing officer of the Division of Administrative Hearings denying motions of petitioner to dismiss and to strike and overruling petitioner's objections to discovery. We entertain the petition because we find that later review of final agency action will not provide an adequate remedy to petitioner. § 120.68(1), Fla. Stat. (Supp. 1976).
We confine our interlocutory review, however, to the questioned power of the hearing officer to rule upon the motions and the objections presented to him. Petitioner contends that a ruling upon the questions raised by such motions and objections constitutes an unconstitutional exercise of judicial power prohibited to the executive branch of government by Art. V, § 1, of the Florida Constitution; that under the doctrine of separation of powers as mandated by Art. II, § 3; Art. III, § 1; and Art. V, § 1, of the Florida Constitution, the hearing officer does not have judicial power, such power being vested only in the courts. We disagree that such is the exercise of judicial power. We fully resolved this question by our opinion in State of Florida, Department of Administration v. Stevens, Fla.App., 344 So.2d 290, opinion filed April 6, 1977. We will, therefore, not reiterate here the analysis we made there. Suffice it to say that such power is quasi-judicial power which the legislature has legally vested in the hearing officer under Ch. 120.
There is in this case, however, an additional element which was not involved in State v. Stevens. There we said that a hearing officer does not have power to adjudicate the constitutionality of a rule, such power being a judicial rather than a quasi-judicial power. In the case sub judice, we are concerned with a proposed rule rather than a rule. This proceeding is one brought by DER under § 120.53, Fla. Stat. (Supp. 1976), to adopt a proposed rule as a rule of that Department. The hearing officer, in the exercise of quasi-judicial authority in furtherance of the administrative rule-making process, can determine whether or not a proposed rule violates the Florida Constitution if adopted, such determination being subject to judicial review. The hearing officer's determination is similar to a determination by the legislature or a legislative committee that it will not favorably report or enact proposed legislation because it considers that if enacted the legislation would be unconstitutional. Once a statute or rule has been enacted or adopted, however, the determination of the constitutionality or unconstitutionality thereof requires exercise of judicial power which is vested only in the courts.
Previously the courts have declined to entertain actions brought to test the validity of proposed rules because until a rule has been finally adopted by an administrative agency and has become effective, there has been no final agency action and thus no exhaustion of administrative remedies by an interested party. See Atlantic Coast Line Railroad Company v. Carter, 66 So.2d 480 (Fla. 1953). Under the old Administrative Procedure Act [Ch. 120, Fla. Stat.(1973)], the procedure for rule adoption was reposed entirely within the particular agency proposing to adopt the rule. Now, however, under the new Administrative Procedure Act [Ch. 120, Fla. Stat. (1975) as amended by Fla. Stat. (Supp. 1976)] the legislature has, by § 120.54, established rule-making procedure by which a hearing officer of the Division of Administrative Hearings of the Department of Administration is assigned to determine the validity or invalidity of an agency's proposed rule (if it contains any provision not relating exclusively to organization, practice or procedure) *299 upon the request of any substantially affected person. Thus, unlike the old Administrative Procedure Act, under the new Administrative Procedure Act a hearing officer can strike down as invalid an agency's proposed rule, but in conjunction with this new authority granted to hearing officers, the legislature has specifically made the hearing officer's order "final agency action" [§ 120.54(3)(d)] which is subject to judicial review under § 120.68.
Petitioner also contends that orders of a hearing officer pursuant to § 120.54(3) are an unconstitutional delegation and exercise of legislative power by the executive branch of government prohibited by Art. III, § 1, of the Florida Constitution; that is that the provisions of § 120.54(3), in permitting hearing officers to declare a proposed rule or any portion thereof void, gives hearing officers the apparent power to make rules for all agencies (negatively) in a manner previously exercised only by the legislature. In this connection petitioner contends that granting to one division the authority to promulgate rules for all agencies violates the Florida Constitution. We disagree. Here the legislature has merely established a check on the rule-making authority to state agencies by a separate and specialized agency to assure that an agency in adopting a rule does not exceed and complies with the authority granted by the legislature. This is nothing more than legislative constraint upon the exercise of quasi-legislative authority which the legislature has specifically made subject to judicial review.
Petitioner contends further that, by overruling its objections to discovery and thereby compelling discovery for the purpose of reviewing petitioner's estimate of the economic impact of the proposed rule, the hearing officer exceeded his statutory authority. While § 120.54 does not specifically relate to an alleged erroneous economic impact statement to validity or invalidity of a rule, it does require the promulgation of such a statement by the agency as one of the steps in the rule-making procedure. Thus, the failure to give such an economic impact statement would constitute an invalid exercise of delegated legislative authority. By the same token, the giving of a false or erroneous economic impact statement could also constitute an invalid exercise of delegated legislative authority. Thus, the hearing officer has authority to inquire into the validity of the economic impact statement, and he was correct in overruling petitioner's objections to discovery.
Affirmed.
RAWLS, Acting C.J., and SMITH, J., concur.