348 So.2d 934 (1977)
4245 CORPORATION, MOTHER'S LOUNGE, INC. and Cheetah III, Inc., Petitioners,
v.
DIVISION OF BEVERAGE, Respondent.
No. FF-381.
District Court of Appeal of Florida, First District.
August 10, 1977.
*935 Charles L. Carlton, Lakeland, of Tobias Simon, P.A., Miami, for petitioners.
Charles T. Collett, Tallahassee, for respondent and movant.

ON MOTION TO DISMISS FOR LACK OF JURISDICTION
SMITH, Judge.
By motion to dismiss, the Division of Beverage urges the court is without jurisdiction to review the order of a hearing officer of the Division of Administrative Hearings, Department of Administration (DOAH), holding the Division's proposed rule affecting alcoholic beverage licensees would not, if adopted, constitute an invalid exercise of delegated legislative authority. The petitioning licensees, aggrieved by the Division's proposed rule forbidding certain sexual conduct on the premises of licensees, properly initiated DOAH rule challenge proceedings in the course of the Division's rulemaking proceedings. Section 120.54(4), Florida Statutes (Supp. 1976).[1] The hearing officer's order remits the parties  the Division and this licensee[2] to the Division's rulemaking proceedings.
Buttressing its motion with constitutional arguments concerning limitations on the judicial power, the Division asserts the licensees cannot be "affected by final agency *936 action" and therefore "entitled to judicial review" under Section 120.68(1) until the agency adopts the proposed rule and undertakes to enforce it against an offending licensee in Section 120.57 proceedings; and, alternatively, that judicial review must at least await agency adoption of the proposed rule. We disagree.
The APA does not withhold judicial review of a new rule until an affected party at its peril violates the rule and thereby induces agency proceedings under Section 120.57 to punish for offending conduct. One who is prospectively affected by an adopted rule may challenge it administratively as "an invalid exercise of delegated legislative authority," obtain a ruling by a DOAH hearing officer, and promptly seek judicial review of that "final agency action." Sections 120.56, .68. Absent rule challenge proceedings, a party whose substantial interests are determined in agency enforcement proceedings may, of course, timely seek judicial review of the final agency order and there challenge the underlying rule. Sections 120.57, .68; State ex rel. Dep't of Gen. Serv. v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977). In that event the party's prior failure to institute administrative rule challenge proceedings does not constitute failure to exhaust administrative remedies. Sections 120.54(4)(d), .56(4); Willis, 344 So.2d at 592. But rulemaking itself constitutes final agency action which an adversely affected "party" may judicially challenge by a timely petition for review. Sections 120.52(2), (14), 120.54, 120.68(1). Upon the Division's adoption of this proposed rule, petitioners as parties to these rulemaking proceedings would be entitled to judicial remedies under the APA.
Nor do we lack jurisdiction, as the Division contends, to review the hearing officer's final order that the proposed Division rule is valid. If the APA withheld judicial review in such circumstances, an agency whose proposed rule was administratively invalidated would have no recourse except to withdraw the proposed rule.[3] That result, here urged by the Division against its own prospective interests, is not countenanced by the APA. Either the party challenging the rule or the agency, if aggrieved by the hearing officer's rule determination, may have judicial review under Section 120.68. That is the import of Section 120.54(4)(d), which provides that the hearing officer's order in such circumstances "shall be final agency action." The finality of agency action is the principal jurisdictional requisite to judicial review as of right. Section 120.68(1).[4]Dep't of Environ. Reg. v. Leon County, 344 So.2d 297 (Fla. 1st DCA 1977).
Thus the APA grants the jurisdiction which the Division here contests. The grant was made pursuant to constitutional authority for laws defining "the power of direct review of administrative action." Article V, Section 4(b)2, Florida Constitution. Having jurisdiction by Constitution and statute, the courts exercising it do not offend the proscription that "No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." Article II, Section 3, Florida Constitution. Nor will our disposition of the case result in a prohibited "advisory opinion" concerning proposed legislation. Collins v. Horten, 111 So.2d 746, 751 (Fla. 1st DCA 1959). While courts lack power to prohibit "the exercise by the Legislature of its lawmaking authority," a DOAH determination of the invalidity of a proposed rule has exactly that effect on the proposed rulemaking. No reason appears why the legislature could not constitutionally balance its grant of power to DOAH by providing also for judicial review.
The Division's motion to dismiss is DENIED.
*937 RAWLS, J., concurs.
McCORD, C.J., specially concurs.
McCORD, Chief Judge, concurring specially.
While it is incongruous that the Legislature would declare the order of a hearing officer which approves a proposed rule of an agency to be "final agency action" (and thereby subject to judicial review) when clearly there is no "final agency action" in fact until the proposing agency thereafter adopts the rule (or has a change of heart and rejects it), the Legislature has been given that power by the Constitution, as pointed out in the majority opinion. The Legislature has here declared in effect that "white" is "black."
NOTES
[1] Florida's Administrative Procedure Act (APA) there provides that any substantially affected person may challenge a proposed rule as "an invalid exercise of delegated legislative authority" in proceedings before a DOAH hearing officer.
[2] Sec. 120.54(4)(d) provides: "The agency proposing the rule and the person requesting the hearing shall be adversary parties. Other substantially affected persons may join in the proceeding as parties or intervenors on appropriate terms which will not substantially delay the proceedings."
[3] "The hearing officer may declare the proposed rule wholly or partly invalid. The proposed rule or provision of a proposed rule declared invalid shall be withdrawn from the committee by the adopting agency and shall not be adopted." Section 120.54(4)(c).
[4] "A party who is adversely affected by final agency action is entitled to judicial review."