Alvin J. Taylor Secretary, Department of Health and Rehabilitative Services Tallahassee
QUESTION:
Is the Department of Health and Rehabilitative Services authorized to reimburse travel expenses incurred by its employees holding office in a department credit union when they participate in meetings of the credit union's board of directors or its credit committee during normal working hours?
SUMMARY:
The reimbursement of travel expenses incurred by employees of the Department of Health and Rehabilitative Services attending or participating in meetings of a credit union's board of directors or credit committee is not authorized by statute.
Section 112.061(1), F. S., provides that the travel expenses and per diem of all state officers, employees, or authorized persons of a state agency are subject to, and controlled by, the rates and limitations set forth in s. 112.061, as amended, unless expressly exempted by general law specifically referring to s. 112.061. I am not aware of any provision of general law, nor has such a provision been brought to my attention, which contains an exemption for the officers, employees, and authorized persons of the department from the provisions of s. 112.061. In the absence of such an express and specific exemption, such officers, employees, and authorized persons are subject to and limited by the provisions of s. 112.061.
Section 112.061(3)(b), F. S., limits the traveling expenses of the officers and employees of the department to those expenses necessarily incurred in the performance of a public purpose authorized by law to be performed by the agency. Moreover, all travel must be authorized and approved by the head of the agency, or his designated representative, from whose funds the traveler is to be paid. The statute further provides that the agency head shall not authorize or approve such a request unless it is accompanied by a signed statement by the traveler's supervisor stating that such travel is on the official business of the state and also stating the purpose of such travel. Section112.061(3)(a). See also s. 112.061(11)(b) which requires the travel voucher form to provide for, inter alia, the purpose of the official travel and a certification that the travel expenses were actually incurred by the traveler as necessary in the performance of official duties, i.e., in connection with the official business of the state. Thus, under the provisions of s. 112.061, travel expenses are expressly limited to those expenses necessarily incurred by the traveler in carrying out a purpose, function, or duty authorized by law to be performed by the state agency from whose funds the traveler is paid. Employees of the department may therefore lawfully incur travel expenses under s. 112.061 only in carrying out the duties or purposes imposed by law upon the department; if such purpose is not authorized by law as a valid purpose, duty, or function of the department, the requirement in s. 112.061(3)(b) that the travel expenses be necessarily incurred in the performance of a public purpose authorized by law to be performed by the agency cannot be met. Cf. AGO 071-28 stating,inter alia, that, to perform any function for the state or to expend any moneys for the state, the public officer or employee seeking to perform such function or to incur such obligation must point to a constitutional or statutory provision authorizing him to do so. See AGO's 079-105 and 071-160 (all activities and functions and expenses therefor are limited to those serving a governmental or public purpose and must be directly connected with or related to such purposes). See also AGO 078-101.
You refer to the provisions of ch. 657, F. S., specifically s. 657.24, as evidence of the `growing significance of credit unions in state government.' Chapter 657 was substantially revised by the 1980 Legislature, see ch. 80-258, Laws of Florida, and s. 657.24 was expressly repealed. The provisions of the present statute, s.657.008(4), F. S. (1980 Supp.) (s. 1, ch. 80-258), however, are similar to those of the former s. 657.24 and provide:
 Any credit union organized under this state or federal law, the members of which are presently, or were, at the time of admission into the credit union, employees of the state or a political subdivision or municipality thereof, or members of the immediate families of such employees, may apply for space in any building owned or leased by the state or respective political subdivision or municipality in the community or district in which the credit union does business. The application shall be addressed to the officer charged with the allotment of space in such building. If space is available, the officer may allot space to the credit union at a reasonable charge for rent or services. If the governing body having jurisdiction over the building determines that the services rendered by the credit union to the employees of the governing body are equivalent to a reasonable charge for rent or services, available space may be allotted to the credit union without charge for rent or services. The officer charged with the allotment of space in such building shall report annually the terms and conditions of such use of space to the Auditor General.
See s. 657.002(6), F. S. (1980 Supp.), defining `credit union' to mean any cooperative society organized pursuant to part I, ch. 657, as amended, and s. 657.003, F. S. (1980 Supp.), describing a credit union organized under ch. 657 as a `cooperative nonprofit association' for the purpose of encouraging thrift among its members, creating sources of credit at reasonable rates of interest, and providing an opportunity for its members to use and control their resources in order to improve their economic and social condition. And see s. 657.01(1), F. S. 1979, stating that a credit union is an incorporated cooperative society. Cf. AGO 074-20, noting that the Constitution restricts *3775 the type and amount of services which may be provided to nongovernmental entities such as credit unions made up of public employees and that any attempt to appropriate or disburse moneys to the credit union or in any way lend to it the public credit or property other than as provided in s. 657.24 (now s. 657.008(4)) would probably fall within the constitutional prohibitions of s. 10, Art. VII, State Const.
Section 657.008(4), F. S. (1980 Supp.), sets forth those circumstances under which space in buildings owned or leased by the state or its political subdivisions or municipalities may be provided to qualified credit unions. The statute does not, however, make any mention of or expressly or impliedly authorize the expenditure of state funds for travel expenses or for any purpose other than the providing of office space or services in connection with the use or occupancy of such space. Nor does s.657.008(4) authorize state employees to participate in meetings of the credit union's board of directors or credit committee during normal work hours; instead, the Legislature has specifically authorized what services may be provided to the credit unions,i.e., office space and services furnished in connection therewith. Cf. AGO 074-20. In accordance with the rule of statutory construction, expressio unius est exclusio alterius, the inclusion in a statute of those things upon which it is to act excludes from its operation all other things, I must conclude that the Legislature, by providing that in the specified circumstances space and incidental services in public buildings may be provided to qualified credit unions, has impliedly prohibited the expenditure of state funds for other purposes. Cf. Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1974); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); and Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). I am not aware of any other statute which imposes the responsibility, duty, or function of attending such meetings of the credit union's board of directors or credit committee during normal work hours upon a public agency such as the department or which makes attendance at such meetings a state or public purpose; nor has any such statute been brought to the attention of this office. It might be noted that former s. 657.04(10) and present s. 657.031(25) empower the credit unions to reimburse their directors and committee members for reasonable and necessary expenses incurred in the performance of their credit union duties.
I am therefore of the opinion that the attendance by employees of the department during normal working hours at meetings of the board of directors or the credit committee of a credit union, established pursuant to ch. 657, F. S., is not a duty or function authorized by law to be performed by the department; accordingly, the requirement contained in s. 112.061, F. S., that travel expenses be incurred only in carrying out the duties or purposes imposed by law upon the department cannot be met. No opinion is expressed herein regarding the provisions of the department's regulation 70-1. Rules or regulations promulgated in the exercise of an agency's rulemaking authority are presumptively valid, and this office lacks the authority to declare otherwise. Cf. Florida Citrus Commission v. Golden Gift, 91 So.2d 657 (Fla. 1956); 4245 Corporation, Mother's Lounge, Inc. v. Division of Beverage,348 So.2d 934 (1 D.C.A. Fla., 1977); and 73 C.J.S. PublicAdministrative Bodies and Practices s. 104.
Prepared by: Joslyn Wilson, Assistant Attorney General