Mr. Frank M. Gafford General Counsel City Community College
QUESTION:
May the district board of trustees of a community college grant or award the president of the community college a continuing contract?
SUMMARY:
Until or unless judicially or legislatively determined otherwise, the community college district board of trustees may not grant the president of the community college a continuing contract.
According to your letter, the district board of trustees of the Lake City Community College is currently drafting a new contract for the president of the community college. You state that during this process the board has become aware of certain actions taken by the Columbia County School Board when the community college was under the jurisdiction of that body. It appears that when the community college president, who was first appointed in 1962, was reappointed for the 1965-1966 school year, he was at that time placed on a continuing contract. In your letter you refer to the provisions of ch. 68-5, Laws of Florida, which, when transferring the responsibilities and obligations of the community colleges from the boards of public instruction to the boards of trustees, stated that `[p]personnel employed on the effective date of transfer to boards of trustees will continue with the same status until changed in accordance with law and regulations of the state board.' See s. 10, ch. 68-5, Laws of Florida, amending s. 230.0109, F.S. 1967. In light of the foregoing, you inquire as to whether the Columbia County School Board had the authority to place the president of the community college on a continuing contract and if the provisions of s. 10, ch. 68-5, Laws of Florida, require or permit the board to recognize the president's continuing contract.
This office cannot pass upon the validity of actions previously taken by a public body, nor can this office validate any such action taken. Any opinion expressed by this office must be limited to a consideration of the requirements of the existing statutes. Accordingly, this office cannot comment upon the past actions of the Columbia County School Board in granting the president a continuing contract. This opinion is thus expressly limited to a consideration of the requirements of, and the authority granted by, the existing statutes which relate to a district board of trustees entering into contracts with community college personnel. With regard to s. 10, ch. 68-5, Laws of Florida, which amended s. 230.0109, F.S. 1967, however, I would note that s. 230.0109 has been subsequently amended and transferred to s. 240.335, F.S., see
ss. 15, 35, ch. 69-106; ss. 61, 70, ch. 72-221; s. 1, ch. 72-348; s. 53, ch. 79-222, Laws of Florida, and presently provides that the employment of all personnel in each community college shall be upon the recommendation of the president, subject to rejection for cause by the board of trustees, to the rules and regulations of the state board of education and to the policies of the board of trustees not inconsistent with law. The language referred to in your letter as formerly contained in s. 230.0109 was deleted by s. 1, ch. 72-348, Laws of Florida.
Each community college district board of trustees is vested with the responsibility to operate the community college and with such necessary authority as may be needed for the proper operation thereof in accordance with the rules of the state board of education. See s. 240.319(1), F.S., as amended by s. 18, ch. 81-193, and s. 154, ch. 81-259, Laws of Florida. Section 240.319(3)(n) provides in pertinent part:
 Each board of trustees shall provide for the appointment, employment, and removal of personnel, including the president of the community college, and the compensation . . . and other conditions of employment for such personnel . . . . The board is authorized to enter into a contract with the president in accordance with the provisions of this chapter. Any such contract may fix the duration of employment and the compensation therefor and may contain any other terms and conditions the board may deem appropriate . . . . (Emphasis supplied.)
See also s. 240.313(7), F.S., which states that when a vacancy occurs in the office of the president, the board of trustees of the community college will select and appoint to fill that office a person who will serve until such time as he or she vacates the office or is removed for good cause by the board. And see s. 240.339, F.S., as amended by s. 20, ch. 81-193, Laws of Florida, which provides that each person employed in an administrative or instructional capacity in a community college shall be entitled to a contract as provided by the rules of the state board of education.
Thus, the statutes governing community colleges and their district boards of trustees expressly authorize a board of trustees to enter into a contract with the community college personnel including the president of the community college. The rules of the state board of education also provide for the issuance of contracts to community college personnel. Rule 6A-14.26(3), F.A.C., states that the community college president shall be entitled to a contract; the term of that contract, however, shall not exceed a period of 4 years. Cf. Rule 6A-14.41, F.A.C., which provides for contracts for instructional and administrative personnel provided that the periods of service of any contract,except with the president or administrative personnel receiving contracts under Rule 6A-14.41(9) [sic], may not exceed 12 months (although the contract may be issued for a period of time including parts of 2 fiscal years); and Rule 6A-14.41(8), F.A.C., stating that the board may issue multi-year contracts not to exceed 3 years to employees, other than the president, classified under subsection (6) of the rule subject to certain restrictions. Continuing contracts are expressly provided for by the rules of the state board; such contracts, however, are authorized for service in an instructional capacity only. See Rule 6A-14.411, F.A.C. Cf. Rule 6A-14.41(6)(b), F.A.C., defining instructional personnel as `board employees whose designated duties involve teaching, library and learning resource support services, guidance or counseling'; and Rule 6A-14.02(3), F.A.C. The president of the community college, who serves as the executive officer and corporate secretary of the board of trustees as well as the chief administrative officer of the college, see s. 240.313(7), F.S., does not appear to fall within the provisions of Rule 6A-14.411 authorizing continuing contracts for community college personnel who serve in an instructional capacity.
The rules of the state board of education are presumptively valid and must be given effect until judicially or legislatively determined otherwise. Cf. Florida Citrus Commission v. Golden Gift, Inc., 91 So.2d 657 (Fla. 1956); 4245 Corporation, Mother's Lounge, Inc. v. Division of Beverages, 348 So.2d 934 (1 D.C.A. Fla., 1977); 73 C.J.S. Public Administrative Bodies s. 104. See
ss. 229.053(1) and 240.325, F.S., which grant to the state board of education the general power to prescribe standards for the state system of public education and to adopt minimum standards, definitions, and guidelines for community colleges relating to,inter alia, personnel; and s. 229.041, F.S., which provides that regulations promulgated by the state board to implement the Florida School Code, ch. 228, F.S., et seq., shall have `the full force and effect of law' if within the scope and intent of the statute. In addition, this office has previously stated that the governing board of trustees of a community college may exercise only those powers which have been expressly or by necessary implication granted by statute; moreover, if there is any doubt as to the lawful existence of a particular power being exercised, the further exercise of the power should be arrested. See, e.g., AGO's 079-46, 078-68, 078-67, and 072-319. Cf. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); Gessner v. Del-Air Corporation, 17 So.2d 552 (Fla. 1944). Under the state statutes and the rules of the state board of education, the community college district board of trustees is authorized to enter into a contract with the president of the community college for his services; the rules of the state board, however, provide that such a contract may not exceed a period of 4 years. Neither the statutes nor the rules of the state board expressly provide for or authorize a community college district board of trustees to enter into a continuing contract of service with the president. Rule 6A-14.411, F.A.C., which provides for the issuance of continuing contracts for community college personnel, limits such contracts to service in an instructional capacity only. In light of the foregoing, it therefore appears that the community college district board of trustees does not have the authority to grant the president of the community college a continuing contract. Cf. White v. Crandon, 156 So. 303 (Fla. 1934) (authority of public officers to proceed in a particular way or only under specific conditions implies a duty not to proceed in any other manner than that which is authorized by law); First National Bank of Key West v. Filer, 145 So. 204 (Fla. 1933); Alsop v. Pierce, 19 So.2d 799
(Fla. 1944).
Prepared by: Joslyn Wilson, Assistant Attorney General