NIMMONS, Judge.
Appellant, J.B. Coxwell Contracting, Inc., appeals a final order of the Department of Transportation (Department) denying appellant’s application for renewal of its certification as a Disadvantaged Business Enterprise. We affirm.
J.B. Coxwell Contracting is owned by J.B. Coxwell, an American Indian and member of the Machis Lower Creek Indian Tribe of Alabama. Based on Mr. Coxwell’s American Indian heritage, he has secured certification as a Disadvantaged Business Enterprise (DBE) for his company for several years. The Department of Transportation’s DBE program is mandated by Florida and federal law under Chapter 339, Florida Statutes, 15 U.S.C. § 632, and Title 13 C.F.R. Part 121, and is implemented by Rule 14-78, Florida Administrative Code. The purpose of the program is to assist small businesses owned by socially and economically disadvantaged individuals. A certain percentage of the Department’s funding must be allocated to DBEs; thus a DBE certification affords a competitive and economic advantage through preferential treatment in obtaining work.
In the years in which the appellant was certified as a DBE, Rule 14-78.002, Florida Administrative Code, defined Native American to include “persons who are American Indians, Eskimos, Aleuts, or Native Hawaiians.” In June of 1988, the Department published a notice of intent to amend that rule to define Native American to include *623 “persons who are members of the American Indian tribes recognized by the U.S. Bureau of Indian Affairs, Eskimos, Aleuts, or Native Hawaiians.” The appellant timely filed a petition to challenge the proposed amendment pursuant to Section 120.54, Florida Statutes, because the Alabama Ma-chis Tribe is not recognized by the Bureau of Indian Affairs. A hearing officer for the Department of Administrative Hearings upheld the proposed amendment and a timely notice of appeal was filed by Cox-well. While the appeal was pending, the Department promulgated the following amendment to Rule 14-78:
“Native Americans,” which includes persons who are Eskimos, Aleuts, Native Hawaiians, or members of the American Indian tribes acknowledged by the Secretary of the Interior, or persons who are certified by such American Indian tribes as being eligible for membership in their tribes. “Acknowledged by the Secretary of the Interior” means those American Indian tribes whose tribal existence has been acknowledged by the Department of Interior pursuant to 25 CFR, Part 83.
Based on the amended rule, this court dismissed the appeal as moot without prejudice to the filing of a petition to determine the invalidity of the rule pursuant to Section 120.56. Approximately a week later the Department denied Coxwell’s pending application for recertification as a DBE because the Machis Lower Creek Indian Tribe is not acknowledged by the Department of Interior. The appellant then requested an informal hearing pursuant to Section 120.-57(2).
In its final order, the Department of Transportation noted the parties agreed the only issue to be determined in the Section 120.57(2) hearing was whether Coxwell’s application for certification as a DBE should be denied because the owner is not a member of an Indian tribe acknowledged by the United States Department of Interi- or. The Department held in its conclusions of law that the issues regarding the validity of the amended rule were not properly before the Department and the appropriate administrative remedy is a rule challenge pursuant to Section 120.56 or appeal of the Department’s final order. Because the appellant did not meet the eligibility requirement to be certified as a DBE under Rule 14-78.002(l)(d), the Department denied the application.
At the outset it should be noted that absent rule challenge proceedings, a party whose substantial interests are determined in agency enforcement proceedings may timely seek judicial review of a final agency order and therein challenge the underlying rule. In that event, the party’s previous failure to institute administrative rule challenge proceedings does not constitute failure to exhaust administrative remedies. 4245 Corporation, Mother’s Lounge, Inc. v. Division of Beverage, 348 So.2d 934 (Fla. 1st DCA 1977).
The appellant argues the changes between the properly noticed rule and the enacted rule were substantive and not merely technical, and in essence constituted a new rule. Thus, appellant contends, the Department should have initiated rule adoption procedures prior to the rule’s enactment.
Section 120.54(13)(b), Florida Statutes (1989), states in pertinent part:
(b) After the notice required in subsection (1) and prior to adoption, the agency may withdraw the rule in whole or in part or may make such changes in the rule as are supported by the record of public hearings on the rule, technical changes which do not affect the substance of the rule, changes in response to written material relating to the rule received by the agency within 21 days after the notice and made a part of the record of the proceeding, or changes in response to a proposed objection by the committee.
Dispositive of this issue is the fact that the appellant recognized in its response to this court’s order to show cause filed prior to the dismissal of its Section 120.54 proceeding that the change in the language between the proposed amendment and the enacted amendment was a result of testimony presented at the public hearing prior to the rule’s adoption. Thus, it is clear that the changes made in the rule prior to final *624 adoption were permissible changes and did not require the Department to initiate adoption procedures prior to its enactment.
In its second issue, the appellant asserts the enacted rule amendment violates procedural due process requirements because it eliminates meaningful opportunity to be heard regarding ethnic identity. However, contrary to its assertions, the appellant has several viable options for review under Chapter 120. The appellant can challenge the Department’s rule definition of “Native American” through a Section 120.56 adopted rule challenge proceeding. A Section 120.57 administrative hearing is also available to challenge the Department’s denial, revocation, or suspension of DBE certification. See Rules 14-78.007(6) and 14-78.008(3), Florida Administrative Code. The appellant can then seek judicial review of those decisions pursuant to Section 120.68, Florida Statutes, as in the current appeal.
The appellant has failed to demonstrate that the amendment to Rule 14-78.002 was improperly enacted or violative of due process. Accordingly, the Department’s final order is AFFIRMED.
SMITH and ALLEN, JJ., concur.