578 So.2d 351 (1991)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
FLORIDA MEDICAL CENTER, NME Hospitals, Inc., and Florida Hospital, Appellees.
No. 89-2019.
District Court of Appeal of Florida, First District.
April 9, 1991.
Rehearing Denied May 14, 1991.
*352 Lesley Mendelson, Dept. of Health and Rehabilitative Services, Tallahassee, for appellant.
Eric B. Tilton, Tallahassee, for appellee, Florida Medical Center.
C. Gary Williams and Stephen C. Emmanuel of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee, NME Hospitals, Inc.
Robert T. Klingbeil, Jr. of Boone, Boone, Klingbeil, Boone & Roberts, Venice, for appellee, Florida Hosp.
ALLEN, Judge.
The Department of Health and Rehabilitative Services appeals from an order wherein a hearing officer of the Division of Administrative Hearings determined, following a Section 120.54(4), Florida Statutes, validity hearing, that a proposed rule was invalid because changes made in the proposed rule failed to comply with the provisions of Section 120.54(13)(b), Florida Statutes. The appellant argues that the appellees' petitions for a 120.54(4) hearing, filed within 21 days following the appellant's publication of notice of the change in the proposed rule, but more than 21 days following the original notice of the proposed rule, were untimely. The appellant also argues that the hearing officer erred in determining that the changes in the proposed rule failed to comply with the provisions of Section 120.54(13)(b). We hold that the appellees' petitions were timely, and that the hearing officer's determination that the changes did not comply with Section 120.54(13)(b) was supported by competent substantial evidence.
In accordance with the requirements of Section 120.54(1),[1] on April 22, 1988, the *353 appellant caused notice to be published in the Florida Administrative Weekly of proposed Rule 10-5.011(1)(e). A major component of the new rule was establishment of criteria for issuance of certificates of need for adult cardiac catheterization programs. The proposed rule emphasized the proposed policy of the appellant to avoid "the unnecessary duplication of services" in its issuance of new certificates of need. It contained no language which would cause existing facilities providing cardiac catheterization services to be concerned that they might be disadvantaged in future certificate of need applications seeking expansion of their programs.
Within 21 days following publication of the Section 120.54(1) notice, Martin Memorial Hospital and Mease Health Care Center filed petitions for validity hearings under Section 120.54(4).[2] As a result of private negotiations between these petitioners and representatives of the appellant, an agreement was reached that certain changes would be made in the proposed rule. Upon the changes being made, the petitioners voluntarily dismissed their petitions.
On July 29, 1988, the appellant caused notice of the changes in the proposed rule to be published in the Florida Administrative Weekly. The notice indicated that the changes included expression of intent by the appellant "to allocate the projected growth in the number of cardiac catheterization admissions to new providers regardless of the ability of existing providers to absorb the projected need." Additionally, the notice advised that the policy of avoiding "the unnecessary duplication of services" would be replaced by a newly expressed policy of "foster[ing] competition among providers."
Within 21 days following the notice of the change in the proposed rule, the appellees, existing adult cardiac catheterization service providers, petitioned, pursuant to Section 120.54(4), for an administrative determination of invalidity of the proposed rule as changed. Appellees contended that the changes were an invalid exercise of delegated legislative authority, because they were in excess of the authority given to agencies by Section 120.54(13)(b), Florida Statutes, to change proposed rules. That subsection authorizes agencies to make changes during the course of the rulemaking process without the necessity of beginning the process anew, so long as the changes (1) are supported by the record of public hearings held on the rule, (2) are merely technical and do not affect the substance of the rule, (3) are in response to written material contained in the record and submitted to the agency within 21 days following the first publication of notice of the proposed rule, or (4) are in response to a proposed objection by the Administrative Procedures Committee. It was the appellees' contention that none of the statutorily enumerated bases for change had been present when appellant decided to change the proposed rule, and that, in order to lawfully adopt the proposed rule as changed, the appellant was obligated to begin a new rulemaking process.
Relying upon Section 120.54(4)(b), Florida Statutes, appellant contended that the appellees' petitions were untimely, because they had not been filed within 21 days following the first notice of proposed rulemaking. The hearing officer found, however, that the appellant's changes to the proposed rule had exceeded the authority given by Section 120.54(13)(b), and thus could not be made unless substantially affected *354 persons were given a point of entry to challenge the proposed rule as changed. Since the appellees had been deprived of a point of entry, but had filed their petitions within 21 days following their first notice of the improper changes, the hearing officer found their petitions to be timely under Section 120.54(4). He therefore determined that the rule, which had been filed by the appellant on July 18, 1988, and which had purportedly become effective on August 7, 1988, was an invalid exercise of delegated legislative authority.
The appellant first contends that persons situated as are appellees are without any remedy, other than a post-adoption proceeding under Section 120.56, Florida Statutes. It argues that a Section 120.54(4) petition is timely only when initiated within 21 days following the initial notice of proposed rulemaking, and, because the appellees' petitions were filed more than 21 days after the April 22, 1988 publication, their petitions were untimely.
The appellees agree that a petition for a 120.54(4) hearing must be filed within 21 days following the notice of rulemaking, but they argue that, where an agency wishes to change a proposed rule in a manner not permitted by 120.54(13), the agency must reinitiate the rulemaking process by publishing a new notice under Section 120.54(1). Their argument continues that, because a new notice, and consequently, a new point of entry for a 120.54(4) hearing is required under such circumstances, an affected person should not be denied the point of entry to which he is lawfully entitled, simply because the agency fails, improperly, to reinitiate the rulemaking process. The appellees contend that this result can be avoided only by allowing an affected person a point of entry to initiate proceedings under Section 120.54(4) following a rule change.
The language of Section 120.54 clearly evinces a legislative intent that agency rules are to be adopted only after the public has been notified of the content of proposed rules and reasonable opportunity for public comment has been given. Balino v. Dept. of Health & Rehabilitative Services, 362 So.2d 21 (Fla. 1st DCA 1978), appeal dismissed, 370 So.2d 462 (Fla. 1979). Equally clear is the legislative intent to give substantially affected persons a reasonable opportunity to challenge proposed rules prior to their adoption. See Dore, Access to Florida Administrative Proceedings, 13 Fla.St.U.L.Rev. 965, 1010-1018 (1986). Obviously, both of these critical legislative objectives are defeated where an agency waits until after the public hearing under Section 120.54(3)(a), and after the 21-day period for initiating proceedings under Section 120.54(4), to make material modifications which are predicated upon neither public hearings nor the record of the proceedings.
Were we to hold that no point of entry exists under the circumstances presented here, the holding would doubtless be understood as an indication that an agency that wishes to adopt its rules without public input under Section 120.54(3) and without risk of Section 120.54(4) proceedings can do so. Such an agency need only publish notice of an innocuous proposed rule, wait 21 days so that the time for demanding a public hearing under 120.54(3) or petitioning for a determination of invalidity under 120.54(4) has passed, and then simply change the rule however it wishes. The fact that such changes might be in excess of the limitations of Section 120.54(13)(b), and might bear no resemblance to the original proposed rule, would not matter, at least so far as the public right to be heard prior to rule adoption. In our view, such a holding would not comport with the legislative intent. Rather, it would effectively defeat the legislative purposes undergirding Section 120.54.
Conversely, were we to hold that a point of entry exists under facts such as those presented here, the legislative objective  public participation in rulemaking  would be protected. Since changes in proposed rules which exceed the authority granted by Section 120.54(13) necessitate the reinitiation of the rulemaking process, the publication of a new Section 120.54(1) notice, and the granting of a new Section 120.54(4) point of entry, a holding recognizing a *355 point of entry for affected persons following such changes would give affected persons nothing more than the point of entry to which they are lawfully entitled. We recognize that the granting of a point of entry following changes in a proposed rule will authorize some validity challenges which ultimately result in a determination that the changes are in conformance with the provisions of Section 120.54(13)(b), but we do not believe that concern over such potential inconveniences should be allowed to defeat the legislative objectives.
The appellant argues that appellees have an available remedy under Section 120.56, Florida Statutes, the post-adoption validity challenge statute. This is correct, but the Section 120.56 remedy is not as complete as the remedy under 120.54(4). Department of Envtl. Regulation v. Leon County, 344 So.2d 297 (Fla. 1st DCA 1977) (constitutional challenge to rule permitted under 120.54), Department of Admin., Div. of Personnel v. Dept. of Admin., Div. of Admin. Hearings, 326 So.2d 187 (Fla. 1st DCA 1976) (constitutional challenge to rule not permitted under 120.56). Further, and more significantly, the 120.56 remedy is not the remedy envisioned by the legislature for diligent, substantially affected persons who wish to have their claims determined before rule adoption, not after.
Accordingly, we hold that a substantially affected person is entitled to initiate a Section 120.54(4) validity challenge within 21 days following notice of a change in a proposed rule. Such challenge must be limited to an assertion that the agency has acted in excess of its delegated legislative authority to change a proposed rule. If the petitioner prevails in his challenge, the agency must either withdraw the change or reinitiate the rulemaking process. Because the appellees were substantially affected persons who filed their Section 120.54(4) petitions within 21 days following notice of the changes, and because the basis for their challenge was alleged noncompliance by the appellant with Section 120.54(13)(b), we hold that the appellees' petitions were timely.
Finally, we address the appellant's argument that the hearing officer erred in finding that the changes to the proposed rule were in excess of delegated legislative authority to change proposed rules, as set forth in Section 120.54(13)(b). We must reject the appellant's argument on this point as well. Our review of the record reveals competent substantial evidence supporting the hearing officer's finding that the changes in the proposed rule were material changes made as a result of off-the-record, private negotiations with Martin Memorial Hospital and Mease Health Care Center. Therefore, the hearing officer's conclusion that the changes were in excess of the legislative authority delegated to the appellant by Section 120.54(13)(b) is supported by the record.
Finding each of the appellant's arguments to be without merit, we affirm the hearing officer's order.
WIGGINTON, J., concurs.
MINER, J., dissents with opinion.
MINER, Judge, dissenting.
The majority here have concluded that competent substantial evidence supports the hearing officer's finding that HRS's July amendments to the then proposed rule in question were without the scope of and thus violated Sec. 120.54(13)(b), Fla. Stat. With this conclusion, I am in agreement and to that extent concur in Judge Allen's opinion. However, I regard this point as secondary in importance to what I view as the pivotal issue in this appeal. Simply stated, that issue is whether HRS's violation of the rulemaking procedures contained in Sec. 120.54(13)(b) can be addressed in a challenge filed under Sec. 120.54(4) after the rule in question has become effective. Believing that Sec. 120.56 is the only appropriate section under which to challenge a rule that has already become effective, I respectfully dissent from the majority's contrary conclusion.
There is a fundamental distinction between a challenge to a proposed rule under Sec. 120.54(4) and a challenge to an effective rule under Sec. 120.56. Appellees seek *356 to blur this distinction by arguing that a Sec. 120.54(4) challenge is appropriate because they were improperly denied an opportunity to challenge the rule prior to its becoming effective. I do not find this argument persuasive because I do not believe appellees are entitled to the vehicle of Sec. 120.54(4) simply because HRS failed to follow proper rulemaking procedures. Although such failure may be cause for invalidating the rule, appellees must use a 120.56 challenge once the rule has become effective. Additionally, appellee, NME Hospitals, Inc.'s pleading Sec. 120.56 "in the alternative" in its petition was in my view, insufficient to prevent reversal because it seems quite clear in reading the order appealed from that the proceedings which resulted in the order were based upon a Sec. 120.54 challenge.
In sum, I hold to the view that the hearing officer lacked jurisdiction to hear appellees' Sec. 120.54 challenge and would reverse without reaching the second issue on appeal although I agree that HRS failed to follow proper rulemaking procedures.
NOTES
[1] Section 120.54(1), Florida Statutes (1989), provides as follows:

(1) Prior to the adoption, amendment, or repeal of any rule not described in subsection (9), an agency shall give notice of its intended action, setting forth a short and plain explanation of the purpose and effect of the proposed rule, the specific legal authority under which its adoption is authorized, and a summary of the estimate of the economic impact of the proposed rule on all persons affected by it.
(a) Except as otherwise provided in this paragraph, the notice shall be mailed to the committee, to all persons named in the proposed rule, and to all persons who have made requests of the agency for advance notice of its proceedings at least 14 days prior to such mailing. The agency shall also give such notice as is prescribed by rule to those particular classes of persons to whom the intended action is directed. Notice of intent by an educational unit to adopt, amend, or repeal any rule not described in subsection (9) shall be made:
1. By publication in a newspaper of general circulation in the affected area;
2. By mail to all persons who have made requests of the educational unit for advance notice of its proceedings and to organizations representing persons affected by the proposed rule; and
3. By posting in appropriate places so that those particular classes of persons to whom the intended action is directed may be duly notified.
Such publication, mailing, and posting of notice shall occur at least 21 days prior to the intended action.
(b) The notice shall be published in the Florida Administrative Weekly not less than 28 days prior to the intended action, except that notice of actions proposed by educational units or units of government with jurisdiction in only one county or a part thereof need not be published in the Florida Administrative Weekly or transmitted to the committee. The proposed rule shall be available for inspection and copying by the public at the time of the publication of notice.
[2] Section 120.54(4), Florida Statutes (1989), provides, in pertinent part:

(4)(a) Any substantially affected person may seek an administrative determination of the invalidity of any proposed rule on the ground that the proposed rule is an invalid exercise of delegated legislative authority.
(b) The request seeking a determination under this subsection shall be in writing and must be filed with the division within 21 days after the date of publication of the notice. It must state with particularity the provisions of the rule or economic impact statement alleged to be invalid with sufficient explanation of the facts or grounds for the alleged invalidity and facts sufficient to show that the person challenging the proposed rule would be substantially affected by it.