Ms. Cynthia Prettyman General Counsel Palm Beach County School Board 3318 Forest Hill Boulevard West Palm Beach, Florida 33406-5813
Dear Ms. Prettyman:
On behalf of the Palm Beach County School Board, you ask substantially the following questions:
1. Is the Palm Beach County School Board required to act within the time limits specified in school board policy 3.15(2) for appointing members of the staff other than principals and supervisors?
2. Does the school board have the authority to waive school board policy absent an emergency or a specific policy providing for such a waiver?
In sum:
1. Section 230.23(5)(b), Florida Statutes, contains the same provisions as set forth in school board policy 3.15(2). The school board is bound by section 230.33(5)(b) and failure to follow such statutory provisions may subject any action taken by the school board to legal attack; however, whether the failure to follow such procedures would invalidate the action taken by the school board is a matter that must be resolved by the courts.
2. Chapter 120, Florida Statutes, contemplates that an agency will follow its rules adopted thereunder until amended or repealed. Failure to follow such rules may subject the action taken by the school board to legal attack; however, whether such deviation from the rules is harmless is a judicial matter.
QUESTION ONE
According to your letter, school board policy 3.15(2), requires the school board to act
not later than six weeks before the close of the postschool conference during any year on the nominations made by the Superintendent for reappointments of supervisors and principals; and act not later than four weeks before the close of the postschool conference during any year on the nominations made by the Superintendent for reappointment of all other members of the staff.
You state that the school board is interested in extending the time period during which it may act on the nominations made by the superintendent for reappointment of "all other members of the staff."[1]
While your letter refers to school board policy 3.15(2), substantially the same provisions are contained in section 230.23(5)(b), Florida Statutes. That statute provides that the school board shall "[a]ct not later than 4 weeks before the close of the postschool conference during any year on the nominations by the superintendent of all other members of the instructional staff."[2]
Thus, your inquiry more accurately concerns whether the school board may waive provisions that are contained not only in a school board policy but also in a state statute. While school boards have been granted broad home rule powers by section 230.03(2), Florida Statutes,[3] the state statutes regulating the conduct of school boards will prevail in the event of a conflict. For example, in Attorney General Opinion 87-18, this office stated that the school board was not authorized to alter the provisions of section 235.31, Florida Statutes, setting forth the procedures for the awarding of contracts.[4]
While the Legislature has provided that certain statutes are to be held in abeyance or may be waived by the school board upon request to the Commissioner of Education, section 230.23(5)(b), Florida Statutes is not among those statutes listed.[5] This office can only advise the school board that it is bound by the provisions of section 230.23(5)(b), Florida Statutes. While failure to follow such statutory limitations may subject the school board's action to attack, whether the school board's failure to follow its procedures would invalidate the action taken is a matter that would have to be resolved by the courts rather than by this office.[6]
QUESTION TWO
You ask whether school board policies may be waived by the school board in the absence of an emergency or a rule providing for such waivers. As your question is general in nature, my response must also be general.
It is not clear whether the "school board policies" have been adopted by the school board as rules pursuant to chapter 120, Florida Statutes. As you note, the school board is an agency subject to chapter 120, the Administrative Procedures Act (APA).[7]
While the court in Florida League of Cities, Inc. v. Administration Commission[8] stated that when an agency has not yet solidified its position in a particular area, agency policy is incipient or evolving and therefore exempt from rulemaking, section 120.52(16), Florida Statutes, defines the term "rule" to mean
each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of an agency and includes any form which imposes any requirement or solicits any information not specifically required by statute or by existing rule. The term also includes the amendment or repeal of a rule.[9]
Moreover, section 120.535, Florida Statutes, now provides that rulemaking is not a matter of agency discretion and requires each agency statement as defined under section 120.52(16), Florida Statutes, to be adopted under the rulemaking procedures of section120.54, Florida Statutes, "as soon as feasible and practicable." Rulemaking is presumed to be feasible and practicable unless one of the factors prescribed in section 120.535 is applicable. The APA sets forth procedures that relate not only to the adoption of rules but also to the amendment or repeal of such rules.[10] In addition, provision is made within the act for the adoption of emergency rules.[11]
The APA thus establishes a detailed procedure for the adoption, amendment or repeal of rules by an administrative agency. To permit agencies to "waive" their rules without complying with the procedures set forth in the APA would be inconsistent with the purposes and procedures of the APA. As one court stated,
Central to the fairness of administrative proceedings is the right of affected persons to be given the opportunity for adequate and full notice of agency activities. These persons have the right to locate precedent and have it apply, and the right to know the factual basis and policy reasons for agency action.[12]
The rules provide such notice. Accordingly, I am of the opinion that administrative agencies must honor their own substantive rules until such rules are modified or repealed.[13]
However, while the APA does not provide for "waiver" of an agency's rule or policy, certain provisions recognize that there may be instances in which agency action has not fully complied with the agency's rules or policies. For example, section120.68(8), Florida Statutes, in providing for judicial review in an action brought by a party adversely affected by final agency action, states that the court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure. As one court stated,
We read [section 120.68(8)] to mean that even though an agency has committed a procedural error, we must affirm the agency's action unless the error renders the ruling unfair or incorrect. In other words, the section is actually a statutory harmless error rule.[14]
Section 120.68(12), Florida Statutes, also provides for the court to remand the case to the agency if it finds the agency's exercise of discretion to be:
(a) Outside the range of discretion delegated to the agency by law; (b) Inconsistent with an agency rule; (c) Inconsistent with an officially stated agency policy or a prior agency practice, if deviation therefrom is not explained by the agency; or (d) Otherwise in violation of a constitutional or statutory provision. . . .[15] (e.s.)
Some courts, however, have excused an agency's noncompliance with its rules when the parties have not been adversely affected.[16]
However, I am of the opinion that rules promulgated by the school board in accordance with the provisions of chapter 120, Florida Statutes, should be honored by the board until such rules are amended or repealed. Failure by the school board to follow its rules may subject the action to attack; however, whether such failure is harmless is a matter that must be resolved by the courts.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Another provision of the school board policy provides that an employee who is not recommended for reappointment shall be given notice by the principal or department head on or before the date the superintendent submits his recommendations to the school board for the reappointment of personnel. See, 3.15(4) of the policy.
[2] And see, s. 231.36(3)(e), Fla. Stat. (1993), stating:
A professional service contract shall be renewed each year unless the superintendent, after receiving the recommendations required by s. 231.29(4), charges the employee with unsatisfactory performance as determined under s. 231.29 and notifies the employee in writing, no later than 6 weeks prior to the end of the postschool conference period, of performance deficiencies. . . .
[3] See, s. 230.03(2), Fla. Stat. (1993), which provides:
In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law.
[4] And see, Op. Att'y Gen. Fla. 84-95 (1984) (school board unauthorized to expend school funds for other than school purposes in operation and supervision of district or in any manner conflicting with or other than specified in section 236.29, Florida Statutes); Op. Att'y Gen. Fla. 86-45 (1986) (express language of section 230.03[2] provides that only general law and state constitution operate as limitations on district school board's exercise of section 230.03 powers).
[5] See, s. 229.592(6), Florida Statutes.
[6] Cf., Krischer v. School Board of Dade County, 555 So.2d 436
(Fla. 3d DCA 1990) (technical violation of notice requirements in s. 231.36(3)(e), Fla. Stat. [1993], did not require reversal of order terminating teacher's employment when teacher was not prejudiced); Powell v. Board of Public Instruction of Levy County,229 So.2d 308 (Fla. 1st DCA 1969).
[7] See, Witgenstein v. School Board of Leon County,347 So.2d 1069 (Fla. 1st DCA 1977); Mitchell v. Leon County School Board,591 So.2d 1032 (Fla. 1st DCA 1991).
[8] 586 So.2d 397 (Fla. 1st DCA 1991).
[9] Paragraphs (a)-(g) of section 120.52, Florida Statutes, set forth certain exceptions to the above definition.
[10] See, e.g., s. 120.54(1), Fla. Stat. (1993).
[11] See, s. 120.54(9), Fla. Stat. (1993). And see, Little v. Coler, 557 So.2d 157 (Fla. 1st DCA 1990) (emergency rules may be promulgated when agency finds immediate danger to public health, safety, or welfare requires immediate action as long as emergency rule is fair and necessary and agency publishes facts and reasons therefor).
[12] Amos v. Department of Health and Rehabilitative Services,444 So.2d 43, 47 (Fla. 1st DCA 1983). And see, Department of Health and Rehabilitative Services v. Florida Medical Center,578 So.2d 351 (Fla. 1st DCA 1991), recognizing that persons whose interests may be affected by agency action are entitled to notice of the action and an opportunity to challenge a proposed rule before it is adopted.
[13] See, Gadsden State Bank v. Lewis, 348 So.2d 343, 345 n. 2 (Fla. 1st DCA 1977).
[14] See, Polk v, School Board of Polk County, 373 So.2d 960, 962
(Fla. 2d DCA 1979).
[15] Several courts have held that the provisions of section120.68(12), Florida Statutes, impliedly recognized an agency's deviation, in proper cases, from its own rules. See, e.g., Hall v. Career Service Commission, 478 So.2d 1111 (Fla. 1st DCA 1985); E.M. Watkins Company, Inc. v. Board of Regents, 414 So.2d 583
(Fla. 1st DCA 1982). The above cases, however, were considering the language of the statute prior to its amendment in 1984. At that time, section 120.65(12)(b) provided for remand if the agency action was "[i]nconsistent with an agency rule, an officially stated agency policy, or prior agency practice, if deviation therefrom is not explained by the agency. . . ."
The statute was amended in 1984 and paragraph (b) of section120.68(12) was divided into paragraphs (b) and (c). See, s. 4, ch. 84-173, Laws of Florida. Section 120.68(12)(b), in providing for remand if an agency fails to follow its rule, does not contain the language "if deviation therefrom is not explained by the agency." Section 120.68(12)(c) now provides for remand if an agency does not follow its officially stated agency policy or prior agency practice if the deviation is not explained by the agency.
While the courts' rationale may still be applicable to stated agency policies, it would not, in light of the current language of section 120.68(12)(b), appear to apply to agency rules.
[16] See, e.g., United Telephone Company v. Mayo, 345 So.2d 648
(Fla. 1977), in which the Court refused to overturn an order of the Public Service Commission merely because it failed to comply with its own evidentiary rule, quoting American Farm Lines v. Black Ball Freight, 397 U.S. 532, 539 (1970); Lewis v. Department of Professional Regulation, 410 So.2d 593 (Fla. 2d DCA 1982) (where agency's violation of rule requiring decision be rendered within 90 days constitutes a material error in procedure which causes severe consequences and no extenuating circumstances exist which would relieve agency from compliance, agency action will be reversed but where failure to follow rule does not result in severe prejudice, agency order will not be reversed). Compare, Pinellas County v. Florida Public Employees Relations Commission,379 So.2d 985 (Fla. 2d DCA 1980) (reversal justified where a time violation for which no extenuating circumstances existed adversely affected the fairness of the proceedings and constitutes a material error in procedures) with School Board of Sarasota County v. Florida Public Employees Relations Commission, 382 So.2d 1361,1362 n. 1 (Fla. 2d DCA 1980) (reversal not justified on grounds of a time violation when extenuating circumstances existed and no severe prejudice was shown).